GEORGE A. BAKER v. WILLIAM A. CLARK, MARY E. W. CLARK AND WILLIAM A. CLARK, JR.

*Unwitnessed mortgages—Tax-title on mortgaged property.*

1. An unwitnessed mortgage is good as between the parties to it.

2. Where a mortgagee has taken a tax-title for the purpose of protecting the mortgage, it is proper, in decreeing payment on foreclosure, to provide that on payment of the cost of the tax-title with suitable interest, the certificate of the tax-purchaser shall be assigned to defendant.

Appeal from Saginaw. (Gage, J.) Oct. 18—Oct. 31.

FORECLOSURE bill. Defendant Mary appeals. Affirmed.

*Wood & Joslin* for complainant.

*William A. Clark, Jr., William B. Sweet* and *William A. Clark* for defendant.

COOLEY, J. This is a foreclosure suit, and the appeal is from a decree for sale of the mortgaged premises. The

decree was in common form with the exception of the following paragraph:

"It is further ordered, adjudged and decreed that if at any time before the 5th day of February, A. D. 1883, said defendants shall, in addition to the sums hereinbefore decreed to be paid, pay to complainant the sum of thirty-eight and 97-100 dollars, with interest thereon at the rate of ten per cent., to be computed from the 4th day of October, A. D. 1880,—said sum of thirty-eight and 97-100 dollars being the amount paid by complainant at that time to purchase said lands for the delinquent taxes for the year 1879,—then in that case complainant shall make, execute and deliver to said defendants an assignment of the certificate of purchase for the taxes of said year 1879."

The land mortgaged appears to have been the homestead of the defendants William A. Clark and Mary, his wife, and the mortgage was signed by the wife. The defendants contended that when Mrs. Clark signed and acknowledged the mortgage she was by reason of temporary illness in a mental condition which rendered her irresponsible for her acts, and they took evidence in support of that contention. They failed, however, to take the evidence of her son, William A. Clark, Jr., who, as notary, took and certified the acknowledgment, and the other proofs are not very satisfactory. The burden upon this issue was upon the defendants, and has not been sustained.

Evidence was also given tending to show that one of the subscribing witnesses was not present when Mrs. Clark signed the mortgage, and that its execution was not acknowledged by her to him. In this case, also, the evidence is not conclusive, but it is not necessary to pass upon it, as the mortgage without witnesses would have been good between the parties.

The tax title referred to in the decree was acquired by complainant after the mortgage was given, and for the purpose of protecting it. Defendants raised various questions respecting it, and among others that the mortgage was merged in the tax purchase. There is nothing in this

which requires discussion. We think the court dealt with the tax title very properly.

      We have considered various other questions raised by defendants, but do not deem it necessary to do more than to add that we find no error in the proceedings and the decree must be affirmed with costs.

    The other Justices concurred.