|119 | 108 |
|s77NW | 640 |
|130  ¹ | 31 |
|119 | 108 |
|d135 | ¹134 |
|119 | 108 |
|157  ³ | 83 |
|158 | ¹567 |

### JENKINSON v. BROOKS.

1. DEEDS—DELIVERY TO THIRD PERSON.

Delivery of a deed to a third party, to be by him delivered to the grantee after the death of the grantor, is valid.

2. SAME—INTENT.

The question of delivery in such a case is one of intent.

3. SAME—EVIDENCE.

The facts that one who, when in failing health, executed deeds of all his property, and placed them in the hands of a trustee, to be recorded and delivered to the grantees at his death, thereafter instructed the trustee to place one of the deeds upon record, and that he remained in possession of the homestead, and, on one occasion, requested that the deeds be brought to him for examination, are not inconsistent with an intent irrevocably to deliver them.

4. WITNESSES — NAKED TRUSTEE — MATTERS WITHIN KNOWLEDGE OF DECEASED.

A mere naked trustee under a deed executed by a grantor since deceased is not a party in interest, within the statute prohibiting such a party from testifying to facts equally within the knowledge of the deceased.

Appeal from St. Clair; Vance, J. Submitted November 16, 1898. Decided December 28, 1898.

Bill by John Edward Jenkinson, an infant, by John

Jenkinson, his next friend, against Sarah E. Brooks and others, to set aside certain deeds.    From a decree dismissing the bill, complainant appeals.    Affirmed.

The following statement of facts is taken from the finding of the circuit judge:

"George Brooks, at the time of his death, left children by a former marriage, Edward, Lillian, and Mary.    Mary married George W. Jenkinson, and they had one child, John Edward Jenkinson, who is the complainant in this case.    He afterwards married the present Sarah E. Brooks, one of the defendants, and by that marriage had one child, George Warren Brooks, also one of the defendants.    Mrs. Sarah E. Brooks had, by a former marriage, one child, who assumed the name of Brooks, is made a defendant, and is known as Malcolm Brooks.

"In the fall of 1891 and the winter of 1892, George Brooks was in failing health.    Prior to that he had been occupying an office with one Marcus Young, who was to some extent a dealer in real estate.    About February 10, 1892, Mr. Brooks sent for Marcus Young to come to his house.    Mr. Young did so, and Mr. Brooks then exhibited to Mr. Young a list of his property, real and personal, with the parcels and portions of each which he desired to give to his wife, Malcolm Brooks, John Edward Jenkinson, Lillian King, Edward Brooks, and George Warren Brooks.    He stated that it was his intention to make a disposition of his property before he died, and not leave it to a will, and he instructed Marcus Young to make out deeds to convey to these parties the real estate and personal property specified in this list.    Mr. Young took a copy or memorandum from the list, and caused some 21 deeds to be prepared, covering some 60 or 70 descriptions of real estate, besides securities and other personal property, and on the 11th day of February, 1892, he went to the house of Mr. Brooks, and these deeds were executed by Mr. Brooks and his wife, excepting the deeds running to Mrs. Brooks, and they were acknowledged.    When they were completed, Mr. Brooks gave them to Marcus Young, with the instruction to keep them until his death, and then put them on record, notify the parties interested, and deliver to the parties interested the securities or other personal property that was referred to in the deeds.    Mr. Young took the deeds, and went to the Commercial Bank, and

deposited them in the vault there.    Afterwards, and some time in the month of April, Mr. Brooks instructed Marcus Young to put on record the deeds running to Sarah E. Brooks, and Mr. Young did so.

"Among other things which are referred to in these deeds was a claim against one Carpenter, growing out of the former partnership of Brooks & Carpenter, referred to in the deeds, of about $4,000. Subsequently, and in about the middle or latter part of May, 1892, Mr. Brooks took some part in adjusting or collecting a portion of this account from Carpenter.    At one other time after the delivery of these deeds to Young, and before his death, he sent for Mr. Young to bring the papers to his house, and Mr. Young did so, and they looked over the papers.    No other instructions were given to Mr. Young.

"There was evidence tending to show that, subsequent to the delivery of these deeds to Young, rents were collected and money received on contracts, sometimes by Mr. Brooks, sometimes by the children, and sometimes by Mrs. Brooks.

"George Brooks died about June 25, 1892, without giving any other instructions, or exercising other acts of control over these conveyances."

*John B. McIlwain* (*Lincoln Avery*, of counsel), for complainant.

*Atkinson & Wolcott*, for defendants.

GRANT, C. J. (*after stating the facts*).    1. Delivery of a deed to a third party, to be by him delivered to the grantee after the death of the grantor, is valid.    *Hosley* v. *Holmes*, 27 Mich. 416; *Wallace* v. *Harris*, 32 Mich. 380.    These authorities are approved in subsequent decisions of this court.    The same rule prevails elsewhere. *Wheelwright* v. *Wheelwright*, 2 Mass. 447 (3 Am. Dec. 66); *Mather* v. *Corliss*, 103 Mass. 568; *Stone* v. *Duvall*, 77 Ill. 475; *Brown* v. *Westerfield*, 47 Neb. 399 (53 Am. St. Rep. 532).    The question of delivery in such cases is one of intent.    *Burk* v. *Sproat*, 96 Mich. 404.

We think it entirely clear that Mr. Brooks, recognizing that death was near, intended this disposition of his property to be final, and that he intended to place the

deeds and other papers in the hands of Mr. Young without any idea of recalling them, or making any other disposition of his property. The facts that he remained in possession of the homestead, and that he requested or instructed Mr. Young to place the deeds to his wife upon record, or· that Mr. Young, at his request, brought the papers to him for his examination, are not inconsistent with the act of delivery.

2. It is urged that the testimony of Mr. Young was incompetent, because he is a party in interest, within the meaning of the statute prohibiting such persons from testifying to facts equally within the knowledge of the deceased. Mr. Young is made a mere naked trustee in one of the conveyances. The deed conveyed to him no interest whatever in the property. He was not, therefore, disqualified as a witness. *Watson* v. *Russell,* 18 Iowa, 79; *Comstock* v. *Hadlyme Ecclesiastical Society,* 8 Conn. 254 (20 Am. Dec. 100); *Sears* v. *Dillingham,* 12 Mass. 360; Rap. Wit. § 78.

Decree affirmed, with costs.

The other Justices concurred.