FULTON v. PRIDDY.

1. DEEDS—ESCROW—CONDITION—VALIDITY.
   A deed placed in escrow, to be delivered to the grantee at the grantor's death, is effectual to pass title.

2. SAME—EVIDENCE.
   The condition upon which a deed in escrow is to be delivered to the grantee need not be expressed in writing, but may rest wholly or in part in parol.

3. SAME—ACKNOWLEDGMENT—WITNESSES.
   Notwithstanding 3 Comp. Laws 1897, § 8962, requiring deeds to be executed in the presence of two witnesses, and acknowledged before the proper officer, deeds not witnessed or acknowledged are good between the parties thereto, and hence, where a deed delivered in escrow was subsequently altered by the grantor, and redelivered, the fact that it was not re-witnessed or acknowledged did not make it invalid.

4. EVIDENCE—WITNESSES—OBJECTIONS.
   A line of inquiry, which plaintiff's counsel kept within reasonable limits, as to what a certain person, who had charge on a former trial of the securing of witnesses for defendant, had done in that connection, was *held* not to be objectionable as an attempt to "draw" such person "into the case."

Error to Lenawee; Chester, J. Submitted January 12, 1900. Decided March 13, 1900.

Ejectment by George Fulton and Minerva Fulton against Frank E. Priddy, administrator of the estate of Samuel B. Reed, deceased. From a judgment for plaintiffs, defendant brings error. Affirmed.

*John E. Bird* and *Salsbury & O'Mealey*, for appellant.

*Watts, Bean & Smith*, for appellees.

MONTGOMERY, C. J. This is an action of ejectment. Both parties claim under alleged conveyances from Rhoda

Reed, wife of Samuel B. Reed. Plaintiffs claim under a deed made by Rhoda Reed, executed on the 25th day of September, 1889, and delivered to Henry C. Smith in escrow, to be delivered to the plaintiffs at the death of the grantor. The defendant claims under a deed alleged to have been made to Samuel B. Reed between the years 1877 and 1879, and subsequently lost without being recorded. The jury found that this last-mentioned deed never existed, so that the case turns upon the questions of whether there was error in the course of the trial which affected the determination of that question of fact, and whether the plaintiffs show a valid conveyance.

As the plaintiffs must recover on the strength of their own title, the first question in order is whether a valid conveyance is shown. The deed under which plaintiffs claimed title had inserted in its body, when first executed, a clause reading as follows:

"This deed is delivered to Henry C. Smith, of the city of Adrian, by the above-named grantor, in escrow, to be by him delivered to the above-named grantees at the death of the grantor, or to the grantor in her lifetime, if she requests."

It is conceded by plaintiffs that the deed as at first written was inoperative, as it was subject to recall at any time by the grantor. It appeared, however, that, after the first execution and delivery of the deed to Mr. Smith, his attention was called to the decisions which established the invalidity of the deed in its then form, and that he sent for the grantor, and so stated. What occurred subsequently is stated by Mr. Smith as follows:

"In response to this message, Mrs. Reed came into the office, and I explained it to her what my fear was regarding that clause in the deed; and she said that it did not matter anyhow; she did not want it back, and would not; that Mr. Reed had importuned her to make a conveyance to him, but she did not want to do it, and she preferred to have it beyond her control; and she asked me to erase that clause, and I did so. I took a rubber, and erased it, and she handed it back to me, and I put it in among my pri-

vate papers, in a drawer in our safe. She told me to give it to Mr. and Mrs. Fulton,—to deliver it to them upon learning of her death,—and put it upon record, and enjoined me again to keep it secret. After I learned of her death, I sent for Mr. Fulton, or he called,—I have forgotten which. I think he called, and claimed that he had been informed by her that there was such a deed,—he and his wife had,—and at his request I took it down here, and had it put on record."

After the erasure, the deed read as follows:

"This deed is delivered to Henry C. Smith, of the city of Adrian, by the above-named grantor, in escrow, to be by him delivered to the above-named grantees at the death of the grantor."

From the deed, as supplemented by the testimony of Mr. Smith, it appears that it was delivered intending it to be placed beyond recall by the grantor. That a conveyance so made is valid and effectual to convey title, see Foster v. Mansfield, 3 Metc. (Mass.) 412 (37 Am. Dec. 154); Wallace v. Harris, 32 Mich. 380; Taft v. Taft, 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291).

The condition upon which the deed is to be delivered need not be in writing, but may rest in parol, or partly in writing and partly in parol. 11 Am. & Eng. Enc. Law (2d Ed.), 343; Stanton v. Miller, 58 N. Y. 203.

But it is said the deed was not re-executed, and was not, as changed, witnessed or acknowledged. According to the testimony of Mr. Smith, however, the change was made in the presence of the grantor, by her direction, and the deed was again delivered to him. The delivery of the deed may always be shown by parol testimony. If it was competent, therefore, for the grantor to pass title to this land by a deed without witnesses, it would seem to follow that the redelivery of the deed to Mr. Smith after the erasure would be effectual. 2 Am. & Eng. Enc. Law (2d Ed.), 217.

It is strenuously insisted that, under our statutes (section 8962, 3 Comp. Laws 1897), witnesses are necessary. It is hardly profitable to discuss the question of whether

the statute might be open to this construction, as this court, in an early day, dealt with the question, and in so doing established a rule of property which we would not, under any view, feel at liberty to depart from.    Under the holdings referred to, a deed not witnessed is good between the parties.    *Dougherty* v. *Randall*, 3 Mich. 581; *Price* v. *Haynes*, 37 Mich. 487; *Baker* v. *Clark*, 52 Mich. 22 (17 N. W. 225).

As to the deed to Samuel B. Reed, was the question of fact fairly submitted on competent testimony?    We think the charge was fair and full, and we also think the rulings of the court were proper on every question raised on the introduction of testimony.

Complaint is made of an alleged attempt to draw one Warren Gilbert into the case.    It appears by defendant's own testimony that Mr. Gilbert had charge of securing witnesses on the former trial for Mr. Reed.    The inquiry as to what he did in that connection was proper within reasonable limits, and the court appears to have kept within the limit.

The judgment is affirmed.

The other Justices concurred.