MEECH v. WILDER.

|130|29|
|---|---|
|152|¹430|

|130|29|
|---|---|
|157|¹ 83|
|158|¹567|

1. DEED—ESCROW.

The delivery of a deed by the grantor to a stranger, to be by him delivered to the grantee after the death of the grantor, is valid.

2. SAME—DELIVERY TO GRANTEE.

A deed which had been delivered by the grantor to a stranger, to be delivered to the grantee after the death of the grantor, contained the following clause: "This deed is to be delivered and recorded to the grantee on the death of both of the grantors." *Held*, that the delivery mentioned in said clause referred to the delivery to the grantee for recording, and not the delivery by the grantor to the stranger.

Appeal from Berrien; Coolidge, J. Submitted January 29, 1902. (Docket No. 94.) Decided March 18, 1902.

Bill by Mary Meech and others against George Wilder, Jr., and others, to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

The complainants and defendants are the heirs of George and Olive Wilder, deceased. The bill is filed to set aside a deed made by George and his wife to the defendant George Wilder, Jr., his son, who lived with his parents until they died. The learned circuit judge who heard the case made a clear and succinct statement of facts, which we adopt. It is as follows:

"George Wilder and his wife, Olive, in November, 1890, were living on a farm of 104 acres situated in Bainbridge township, in Berrien county. The title to part of the land was in the husband, and part was in the wife. Mr. Wilder also owned another tract of land, consisting of 57⅓ acres. On November 19, 1890, for the purpose of creating a joint tenancy in entirety, Mr. Wilder and wife conveyed the said tract of 104 acres to W. L. George, and on the same day Mr. George reconveyed the land to Mr. Wilder and his

wife. On the same day, also, Wilder and his wife conveyed by warranty deed, made in usual form, said 104 acres to their son George Wilder, Jr., with a clause, however, inserted, reading as follows: 'This deed is to be delivered and recorded to the grantee on the death of both of the grantors.' The consideration expressed is one dollar. The deed was duly executed and acknowledged. No evidence is presented showing mental incompetency on the part of the grantors, or that any undue influence was exerted over them. No claim of this kind was made on the argument. Mr. Plummer directed Mr. Wilder, after the deed had been acknowledged, to deliver it to a third person, and instruct such person to keep it till the death of both grantors, and thereafter to deliver it to the grantee. The deed remained in the custody of Mr. Wilder for some time. He then delivered it to his daughter-in-law, the wife of defendant George, to be delivered by her on the death of Mr. Wilder, Sr., to her husband. She kept it till he died, and then delivered it to her husband. He died October 19, 1898. His wife died in 1894. On October 20, 1898, the deed was recorded in the office of the register of deeds of Berrien county.

"At the time of the conveyance to George, Mr. Wilder and wife had three children living, viz., Mrs. Cora Gilbert, Mary Meech, and George, and four grandchildren, the children of two sons. The heirs were all of age at the time of the commencement of this suit. On March 24, 1898, George Wilder conveyed to his daughter Cora Gilbert the 57-acre tract referred to. On the same day he also made his last will and testament, which has been duly probated. In the will no mention was made of real estate. The personal property was devised among the various children and grandchildren, and subsequently distributed according to the provisions of the will. It appears from the evidence that George Wilder, Sr., had been kind to his children and grandchildren, and had during his lifetime made considerable provision for their support, excepting, perhaps, Mrs. Meech. It appears, however, that Mrs. Meech was married 29 years ago; that, upon her marriage, she moved to a place about six miles from her father's residence; that thereafter she moved to Dowagiac; that, for the seven years before her father's death, she had been living in West Pullman, Illinois; that from the time she left home she did not visit her father and mother oftener than twice a year; and that, for the last seven years of

her father's life, she visited him only twice.     George always lived at home with his parents."

*Novak & Novak*, for complainants.

*Plummer & Riford*, for defendants.

GRANT, J. (*after stating the facts*).     1. We concur in the conclusion of fact reached by the circuit judge that this deed was delivered by Wilder, Sr., to his daughter-in-law, to be by her delivered to her husband upon the death of his father; that upon delivery to her he parted with all control over it; and that she promptly delivered it at his death to her husband.     The evidence we regard as quite conclusive upon this point.     The circuit judge discarded the evidence of the defendant's wife as to conversations between her and the deceased, as within the prohibition of the statute, and did not consider it in reaching his conclusion.     Several witnesses testified to statements made by Mr. Wilder, Sr., which can lead to no other conclusion.     The judge, in his opinion, said that these witnesses were careful and truthful in their testimony.

2. The important question of law relates to the construction to be given to the following words: "This deed is to be delivered and recorded to the grantee on the death of both of the grantors."     It is the well-established rule in this State that the delivery of a deed by a grantor to a third party, to be by him delivered to the grantee after the grantor's death, is valid.     It conveys the fee, and operates as a conveyance *in præsenti*, though the enjoyment is postponed until the grantor's death.     *Jenkinson* v. *Brooks*, 119 Mich. 108 (77 N. W. 640); *Fulton* v. *Priddy*, 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201).     The question of the conveyance of an estate of freehold to commence *in futuro* is fully and ably discussed, and authorities cited, in *Wyman* v. *Brown*, 50 Me. 139, and *Wilson* v. *Carrico*, 140 Ind. 533 (40 N. E. 50, 49 Am. St. Rep. 213).     Under the above authorities, if no such language had been used in the deed, and it had been

delivered by the grantor to Mrs. Wilder with instruction to deliver it at his death to his son, the deed would be valid. Is it any less valid because of the language in the deed? The delivery spoken of in the deed means evidently the actual delivery to the grantee therein named for recording. It does not refer to a delivery by the grantor to a third party to see that this provision of the grantor is carried out. The delivery to the third person as trustee or holder is entirely consistent with the language of the deed. When, therefore, the grantor deposited the deed with a third person, and placed it beyond his control or recall, the deed was delivered, under the numerous decisions of this court.

The authorities cited in behalf of the complainants are not in conflict with the rule as above stated. In *Cook* v. *Brown*, 34 N. H. 476, the deed was placed in the hands of a depositary, to be delivered to the grantee upon the death of the grantor, "*provided it is not previously recalled, and the grantor reserves the right and power to recall at any time.*" In *Huey* v. *Huey*, 65 Mo. 689, a father signed and acknowledged a deed to his son, intending it as a gift, and deposited it with his own papers in a chest, to which, however, the son, who lived with him, had access. It was held no delivery, because his father had not parted with his control over the deed. In *Jackson* v. *Leek*, 12 Wend. 107, a deed was signed and acknowledged, but not delivered until eight or nine years after the decease of the grantor. It was shown that the grantor said that he had made out a deed, but had told the grantee that it had better not be delivered, as there was a dispute about the land. In *Stilwell* v. *Hubbard*, 20 Wend. 44, the grantor retained possession of the deed until his death. The court said:

" There were no formal words of delivery, and nothing was said at the time the deed was executed from which it can be inferred that Hubbard intended it should be a present, operative conveyance."

In *Wellborn* v. *Weaver*, 17 Ga. 267 (63 Am. Dec. 235),

the deed, which was one of gift, was given to one of the subscribing witnesses to hold as agent of the grantor until his death.    It was held that the deed did not pass beyond his control during his lifetime.

The decree is affirmed, with costs.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.    LONG, J., did not sit.