## HOAGLAND *v.* BECKLEY.

DEEDS—CONVEYANCES—ESCROW — TESTAMENTARY DISPOSITION OF PROPERTY.

> In a suit to set aside conveyances of real property made by a decedent, the determination of the trial judge on the question of fact as to the intention of the grantor in executing deeds in escrow, to be delivered after her death, without retaining control of the deeds, is *held* to be sustained by the proofs and the escrow to be valid in law.

Appeal from Calhoun; North, J.  Submitted October 15, 1909.  (Docket No. 95.)  Decided November 5, 1909.

Bill by Alma A. Hoagland against Minerva Á. Beckley and others to set aside a deed, and to quiet title to real estate. From a decree for complainant, defendant Beckley appeals. Affirmed.

*Bernard J. Onen* and *George W. Mechem*, for complainant.

*Walter S. Powers* and *Frank W. Clapp*, for appellant.

MOORE, J. Betsey Beckley, now deceased, on the 12th day of December, 1894, executed certain deeds of conveyance. Forty acres of land were deeded to the complainant in this case, 40 acres to Minerva A. Beckley, and 40 acres were conveyed to Minerva A. Beckley, Edson G. Beckley, Emily Jourdan, Anson I. Beckley, and Alma A. Hoagland. The grantees in these deeds were the children and heirs at law of said Betsey Beckley. Mrs. Beckley reserved in the deeds a life estate to herself. On the 11th day of December, 1905, Mrs. Betsey Beckley executed another instrument, which purported to convey the whole of said 120 acres of land to her daughter, Minerva A. Beckley, and transferred to Minerva Beckley, by instrument in writing, all of her personal property.

The bill seeks to have the former conveyance declared valid, and the later instruments, which purported to transfer the title to both the real estate and personal property, declared invalid, alleging that Mrs. Beckley was mentally incompetent at the time of the execution of the later instruments, that the execution of them was brought about by fraud, and that, the instruments executed in December, 1894, being valid, it was beyond the power of Mrs. Betsey Beckley to make a further conveyance of the property described therein. The case was heard in open court. The court found that complainant had failed to prove the mental incompetency, or any fraud perpetrated upon Betsey Beckley, but held that the deeds of December 12, 1894, were valid deeds. From the decree entered, the defend-

ant Minerva A. Beckley has appealed. None of the other parties has appealed.

The deeds of December 12, 1894, were executed in the office of Joel C. Hopkins, a lawyer, later a circuit judge, who died before this case was tried. After the deeds were executed they were put in an envelope, which was sealed and indorsed as follows:

" I hereby direct that the within deeds shall be delivered to the parties of the second part therein mentioned at my decease, and as soon as that event shall occur.
" Dated Dec. 12, 1894.
" BETSEY BECKLEY."

The signature is that of Mrs. Beckley. The deeds and envelope, unopened, remained with Mr. Hopkins until after the death of Mrs. Beckley. The rule that the delivery of a deed by a grantor to a third person, to be by him delivered to the grantee after the grantor's death, is valid, is not seriously questioned. See *Ellis* v. *Secor*, 31 Mich. 185 (18 Am. Rep. 178); *Wallace* v. *Harris*, 32 Mich. 380; *Latham* v. *Udell*, 38 Mich. 238; *Taft* v. *Taft*, 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291); *Jenkinson* v. *Brooks*, 119 Mich. 108 (77 N. W. 640); *Fulton* v. *Priddy*, 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201); *Meech* v. *Wilder*, 130 Mich. 29 (89 N. W. 556).

But defendants contend that in what occurred upon December 12, 1894, Mrs. Beckley did not intend to part with the title to her property beyond recall, and that the deeds were to be delivered only in the event that she did not call for them; that they were testamentary in character, and that by making the subsequent deed the former deeds were rendered invalid. This presented a question of fact as to what was done and intended on the 12th of December, 1894. The circuit judge filed an elaborate opinion, in which he analyzed the testimony and the claims of the solicitors. He had the great advantage of hearing and seeing the witnesses. We have been favored with the

arguments of able counsel in well-prepared briefs and orally. An examination of the record satisfies us that the decree entered was a proper one.

It is affirmed, with costs.

BLAIR, C. J., and GRANT, McALVAY, and BROOKE, JJ., concurred.