## WAGNER *v.* KIRCHBERG.

1. DEEDS—ESCROW—REVOCATION.

A deed placed in escrow to be delivered to the grantee on the death of the grantor who intends to reserve the right of recalling it, does not pass title, and he may obtain and destroy the deed and defeat the conveyance.

2. SAME.

Where defendant and his wife made a deed to his daughter and placed the instrument in escrow, to be delivered at the death of the grantors and they both made wills reciting that no provision was included for the daughter because they had provided for her by such deed, and it was shown that defendant had proposed to the daughter to collect the rents herself and pay him a stated sum during his life, and had stated that he had conveyed the property to complainant, the evidence is *held* to show that the deed was not subject to recall.

Appeal from Wayne; Rohnert, J. Submitted January 5, 1911. (Docket No. 26.) Decided July 5, 1911.

Bill by Millie K. Wagner against Christian Kirchberg to compel the redelivery of a deed in escrow. From a decree for complainant, defendant appeals. Affirmed.

*Richard G. Kirchner* (*Otto Kirchner*, of counsel), for complainant.

*O. E. Angstman*, for defendant.

BIRD, J.  The bill of complaint in this case was filed to compel the defendant to re-execute a deed to complainant of certain real estate, and place the same in escrow, to be delivered to her at defendant's death, to take the place of a similar conveyance made in 1906 by defendant, and alleged to have been delivered in escrow, and afterwards wrongfully destroyed by him.

It is the claim of the complainant that in 1906 the defendant and his wife, her father and mother, conveyed to her two stores on Grand River avenue, and a dwelling house on Charlotte avenue, in the city of Detroit, and left the deed in escrow with Mr. Angstman, the attorney who prepared it, to be recorded and delivered to the complainant upon the death of the grantors; that subsequently defendant requested Mr. Angstman to surrender the deed to him, but Mr. Angstman refused, unless the defendant would procure the written order of complainant; that defendant obtained the signature of complainant to the order upon the representations to her that he had had a quarrel with Mr. Angstman, and desired to transfer the deed from his custody to a trust company; that, upon receipt of this order, Mr. Angstman delivered the deed to defendant, who wrongfully destroyed it.  It is claimed that the deed was irrevocably delivered to Mr. Angstman by the grantors, and that defendant had no legal right to recall it. It is further suggested that as the property conveyed was owned by the defendant and his wife by the entireties, and, the wife being now deceased, the revocation of the deed is a fraud upon the deceased wife as well as upon the grantee.

The defendant admits the execution of the deed, and that it was deposited with Mr. Angstman to be delivered to the complainant upon the death of the grantors, but he insists that Mr. Angstman's instructions were to deliver

it if it was still in his possession, and was not called for
before his death; that he never intended to place it be-
yond his control. He denies that he made any promise
or representation to complainant to get her signature to the
order other than that he and his wife desired to make some
changes in the disposition of their property, and that,
when he so informed her, she willingly signed it. The
controversy narrows down to a question of fact as to what
the intention of the grantors was at the time the deeds
were delivered to Mr. Angstman.

If at the time the grantors left the deed with Mr.
Angstman they did not intend to deprive themselves of
the right to recall it, the defendant was within his right
when he destroyed it. *Cole* v. *Cole*, 144 Mich. 676 (108
N. W. 101), and cases cited.

The complainant testified that soon after the deed was
made her father advised her of the fact that he had given
her the property and deeded it to her, and subsequently
said to her she might as well take charge of the stores,
collect the rents, and pay the taxes, and give him a stated
sum each month, but this suggestion was never carried
out. Complainant's husband, John Wagner, and her
brother, Christian L. Kirchberg, both testified to conver-
sations with the defendant, in which he stated that he
had deeded the stores to complainant.

As tending to show what the arrangement was between
defendant and his wife at the time, the will of Mrs. Kirch-
berg was admitted in evidence. The will recites that no
provision was made therein for complainant because of
the deed of the stores and dwelling which she and her
husband had recently deeded to her. Against this show-
ing on the part of complainant, we have the positive testi-
mony of the defendant that he never intended to place the
deed beyond his recall, and that his instructions to Mr.
Angstman were that he should deliver it if it was still in
his possession and not called for before his death. The
only other person present save Mr. Angstman was his
son, William, who corroborates the defendant's testimony

as to what the instructions were. Mr. Angstman did not testify. Had he done so, it would have been very helpful in the determination of the question. His refusal to allow defendant to have the deed when he called for it furnishes a very strong inference as to what he understood the arrangement was, but he may have understood it differently than the defendant did.

Upon the whole record, we are convinced that the defendant and his wife made the deed in question and deposited it with Mr. Angstman with the intention of making it a final disposition of the property to complainant. This view of the case is consistent with the recital in their wills that they refrained from giving anything to complainant because they had deeded her certain property. It is also consistent with the talk defendant had with complainant, in which he told her she might as well take possession of the stores they had deeded her and care for them, and give him a monthly allowance out of the rentals. And no other view of the case is consistent with the conduct of Mr. Angstman in refusing to give the deed to defendant without an order from complainant.

The decree of the trial court is affirmed. No costs will be allowed.

OSTRANDER, C. J., and HOOKER, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.