### LOOMIS *v.* LOOMIS.

1. Witnesses—Matters Equally Within Knowledge of Deceased.

    Testimony of one of the complainants in a suit to set aside a deed to one son, executed by the mother of the parties, to take effect after her death, was incompetent to prove that decedent had indicated by her declarations or statements while she was alive that she intended to keep control of the conveyance, under 3 Comp. Laws, § 10212, as amended (5 How. Stat. [2d Ed.] § 12856), excluding testimony of a party as to matters equally within the knowledge of decedent.

2. Escrows—Delivery of Deed—Control.

    By depositing a deed with a person who is not a party to it, to be held until the grantor's death and then delivered to the grantee, no dominion or control being reserved in the grantor, a valid delivery is thereby accomplished and an immediate estate vests subject to a life estate in the grantor.[1]

[1] On the question of delivery of deed to third person or record by grantor, as a delivery to the grantee, see notes in 9 L. R. A. (N. S.) 224 and 38 L. R. A. (N. S.) 941.

3. SAME—EVIDENCE—AGENCY.

    The fact that the depositary testified that he would prob-
        ably have surrendered the deed to the grantor if she had
        called for it in her lifetime, did not change the effect of
        the transaction, because the evidence was merely a con-
        clusion of the witness.

Appeal from Tuscola; Beach, J. Submitted November 17, 1913. (Docket No. 136.) Decided December 20, 1913.

Bill by Francis W. Loomis and Josephine L. Reed against Charles W. Loomis for the cancellation of a deed. From a decree for defendant, complainants appeal. Affirmed.

*Cyrenius P. Black (J. H. Westover,* of counsel), for complainants.

*Quinn, Wixson & Quinn (Hall, De Foe & Hall,* of counsel), for defendant.

BROOKE, J. The bill of complaint in this cause is filed to set aside a deed of a farm of 160 acres, dated October 31, 1904, made by Arvilla Loomis, grantor, to her son Charles L. Loomis, grantee. The deed in question reserved a life estate in the grantor and was drawn by one Charles W. Stacey, an employee or officer of a local bank. The grantor instructed the scrivener, Stacey, to retain possession of the deed, "and that if anything occurred to her, happened to her, to deliver this deed to Charles Loomis." No further instructions were given by the grantor, and Stacey kept the deed until after her death, which occurred November 5, 1910, when he delivered it to Charles L. Loomis, by sending it for registration at Loomis' request.

The bill of complaint sets out three reasons why the deed should be held to be void: Want of consideration, fraud and undue influence, and nondelivery.

Upon the hearing the first two grounds were abandoned. The last only, therefore, remains for consideration.

The complainants are a son and daughter of Arvilla Loomis. They seem to have left home when quite young, while defendant remained with his father and mother and worked for and with them from the time he was 12 years of age until they died, a period of 40 years. The father lived to be 92 years old, and for several years prior to the date of his death was an invalid. He had been unable to perform manual labor of any account for a great many years. During all this period defendant (and his two sons, as they grew into manhood) worked and improved the farm and added to its acreage; the title being taken in the name of the mother, Arvilla. The equities of the case lie very strongly upon the side of the defendant. These, however, are not considered. In our opinion defendant's position is impregnable from a strictly legal point of view. The testimony of the scrivener is supported by the evidence of several other disinterested witnesses, who testified that Arvilla Loomis told them that she had made a deed of the farm to her son Charles, and had left it with Stacey to be delivered at her death.

The only testimony in the record, which in any way tends to contradict that offered by defendant, was given by one of the complainants, who testified to conversations had with his mother from which it might be inferred that she intended to retain control over the deed during her life. This testimony was received over the objection of defendant and was incompetent. *Beadle* v. *Anderson,* 158 Mich. 483 (123 N. W. 8), and cases there cited.

This court has consistently held that, where a grantor makes a deed to another and deposits the deed with a third party to be held by such third party until the grantor's death and to be then delivered to

the grantee named in the deed, the grantor reserving no dominion or control over the deed during his lifetime, a valid delivery is thereby made, and an immediate estate is vested in the grantee subject to a life estate in the grantor. *Hosley* v. *Holmes,* 27 Mich. 416; *Wallace* v. *Harris,* 32 Mich. 380; *Latham* v. *Udell,* 38 Mich. 238; *Thatcher* v. *St. Andrew's Church,* 37 Mich. 264; *Taft* v. *Taft,* 59 Mich. 185 (26 N. W. 426, 60 Am. Rep. 291); *Brown* v. *Stutson,* 100 Mich. 574 (59 N. W. 238, 43 Am. St. Rep. 462); *Jenkinson* v. *Brooks,* 119 Mich. 108 (77 N. W. 640); *Fulton* v. *Priddy,* 123 Mich. 298 (82 N. W. 65, 81 Am. St. Rep. 201); *Meech* v. *Wilder,* 130 Mich. 29 (89 N. W. 556); *Young* v. *Young,* 157 Mich. 80 (121 N. W. 264); *Hoagland* v. *Beckley,* 158 Mich. 565 (123 N. W. 12); *Cooper* v. *Cooper,* 162 Mich. 304 (127 N. W. 266); *Wagner* v. *Kirchberg,* 166 Mich. 411 (131 N. W. 1114).

We are of opinion that the evidence clearly establishes the fact that Arvilla Loomis deposited the deed in question with Stacey with instructions to deliver it to the grantee at her death, and that she retained no control over it thereafter. The fact that Stacey testified that, if she had called for it during her lifetime, he would probably have surrendered it to her, has no bearing upon the question. That conclusion of the witness was based upon nothing that was said by her at the time the deposit was made. From what she said at that time the witness understood (and, we believe, rightly understood) that she was making a final and irrevocable disposition of the property in the deed.

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.