*In re* VAN LOO ESTATE.

RENT *v.* FLETCHER.

1. Estates of Decedents—Small Estate—Bill of Sale of Restaurant Fixtures—Escrow.

   Trial court's conclusion in nonjury appeal from order of probate court assigning estate of defendant's father to her as a small estate after she had paid her father's funeral expenses that attorney with whom defendant and her husband had left in escrow bill of sale of restaurant fixtures was not the agent of the vendee, now deceased, in the bill of sale, as claimed by a sister and brother of defendant, *held*, supported by evidence adduced (CLS 1956, § 708.41).

2. Witnesses—Matters Equally Within Knowledge of Deceased —Waiver of Bar of Statute.

   Once a party, in whose favor the statute barring testimony by an opposite party as to matters equally within the knowledge of a decedent is operative, has opened the door on a subject

---

References for Points in Headnotes

[1] 19 Am Jur, Escrow §§ 1–12.
[2] 58 Am Jur, Witnesses § 214 *et seq.*
[3] 16 Am Jur, Deeds §§ 143–145.
[4] 19 Am Jur, Escrow § 10.
[5, 6] 16 Am Jur, Deeds §§ 143–145.
  19 Am Jur, Escrow §§ 6, 7.
[7] 19 Am Jur, Escrow § 9.
[8] 40 Am Jur, Partnership §§ 82–88.

by examining the witness against whom the statute operates, the witness may present testimony otherwise admissible (CL 1948, § 617.65).

3. DEEDS—DELIVERY—CONDITIONS—TITLE.

Ordinarily, a deed delivered to a third person unconditionally with instructions to deliver to the grantee upon the grantor's death, is said to be delivered when deposited with the third party since the condition of delivery is an event certain to happen but when the contingency is that the grantor predecease the grantee, the title remains in the grantor.

4. ESCROW—BILL OF SALE OF RESTAURANT FIXTURES—DELIVERY—CONTINGENT OCCURRENCE OF DEATH.

Bill of sale of restaurant fixtures left in escrow with attorney to be delivered to vendee in case vendors predeceased vendee did not pass title where vendee died first.

5. SAME—CONDITIONS OF DELIVERY—PAROL EVIDENCE.

The conditions under which a deed or bill of sale is to be delivered by party with whom they are left in escrow do not necessarily have to be in writing, but may rest in parol or partly in writing and partly in parol.

6. SAME—MEMORANDUM—DELIVERY.

A memorandum made by custodian of an instrument of conveyance is not conclusive of the terms under which such instrument is to be delivered.

7. SAME—RIGHT OF RECALL—ALTERATION OF AGREEMENT—EVIDENCE.

Crossing out the words *without the right of recall* in escrow agreement would permit a logical inference that the vendors in the bill of sale left in escrow reserved the right to recall and permitted the admission of parol evidence to clarify the meaning of the alteration.

8. ESTATES OF DECEDENTS—SMALL ESTATES—FINDING OF COURT—PARTNERSHIP IN RESTAURANT—EVIDENCE.

Trial court's finding of fact that deceased, father of defendant who with her husband operated a restaurant, had no partnership interest in the restaurant, *held*, supported by evidence presented in nonjury appeal from probate court order assigning small estate to defendant who had paid her father's funeral expenses (CLS 1956, § 708.41).

Appeal from Sanilac; Bach (Arthur M.), J.   Submitted April 3, 1962.   (Calendar No. 9, Docket No. 49,462.)   Decided February 6, 1963.

In the matter of the estate of Livinius Van Loo, deceased, administration proceeded on petition of Martha Fletcher under provisions of small estate act. Evelyn Rent and Ferdinand Van Loo appealed to circuit court claiming estate had assets warranting customary administration. Judgment upholding probate court order. Claimants appeal. Affirmed.

*Gottlieb & Silitch* (*George E. Silitch,* of counsel), for plaintiffs Rent and Van Loo.

*Leonard J. Paterson,* for defendant Fletcher.

OTIS M. SMITH, J. Appellants are daughter and son of the deceased, Livinius Van Loo. Appellee, Martha Fletcher, is his daughter. Having paid her father's funeral expenses, Mrs. Fletcher obtained an order, in 1958, under the probate code, CLS 1956, § 708.41 (Stat Ann 1959 Cum Supp § 27.3178 [451]), assigning his estate to her as a small estate having total assets of less than $500. Following denial of their claim in probate court, appellants petitioned circuit court to set aside the order, claiming that defendant-appellee had neglected to file certain assets of their father which would place the value of his estate greatly in excess of the maximum value allowable for small estates. Specifically, appellants claim that the decedent owned a partnership interest in a restaurant business operated by the defendant-appellee and her husband and also that he owned certain trade fixtures which were allegedly sold by the Fletchers to the deceased. Both parties conceded that if the deceased owned either interest, his estate should have been probated in an ordinary manner. The circuit court sitting without a jury found that appellants' challenge was unfounded and sustained the probate court order.

Error is first assigned to the court's ruling that a bill of sale executed by the Fletchers 3 years prior to Mr. Van Loo's death in January, 1958, did not transfer ownership of the fixtures to the deceased. The record discloses that James Fletcher, husband of Martha Fletcher, went to the office of an attorney, Leonard J. Paterson, on November 29, 1954, with an inventory of items to be included in a bill of sale to be made out to the deceased. An instrument was to be prepared accordingly. An appointment was made for the Fletchers to go to the attorney's home the following evening and sign the completed bill of sale. When the Fletchers arrived as planned on November 30th, Paterson was confined to bed because of illness and therefore could not see the Fletchers. Paterson's wife, however, testified that she saw to it that the defendant and her husband signed the written bill of sale as well as the following escrow agreement typed on the face of an envelope in which the bill was kept.

"TO: Leonard J. Paterson

"Enclosed please find bill of sale to Livinus Van Loo, which you are to hold as our escrow agent, ~~without the right of recall~~, and, upon the death of both of us, deliver the same to Lavinus VanLoo.

/s/ James A. Fletcher
                          James A. Fletcher
/s/ Martha Fletcher
                          Martha Fletcher"

Prior to the above transaction, the Fletchers had never used the services of Paterson as their attorney. They were aware, however, that he had represented the deceased on past occasions. The bill of sale was never delivered to the vendee. It was kept in the exclusive care of Paterson until it was picked up by the defendant and her husband shortly after deceased's death.

Appellants insist that Paterson was in reality agent of the deceased and in consequence thereof a delivery to Paterson was a delivery to the vendee-decedent within the rule of *Takacs* v. *Takacs*, 317 Mich 72. The record does not support this contention. The record shows that Mrs. Fletcher did not consider Paterson her attorney before November 30th, but on that date he became her attorney and as such was entrusted with the safekeeping of the bill of sale. The record further reveals that Paterson was compensated by the Fletchers for his services. There is also the express provision in the escrow agreement that Paterson was to serve as escrow agent of the defendant and her husband. Although the trial court did not make a specific finding of fact as to whether Paterson was the agent of the deceased or the present appellee, it appears from his conclusion that he resolved this question in favor of the appellee. There is more than sufficient evidence to support such a finding. *Tarnowski* v. *Fite*, 335 Mich 267. Appellants' reliance upon the rule in *Takacs* cannot be supported in view of the facts.

Exception is taken to the trial court's consideration of defendant Martha Fletcher's testimony that the bill of sale was executed with the intention that if she and her husband predeceased Livinius Van Loo, he would acquire the restaurant and also the obligation to rear their children, but up until that event took place the sale was not to take effect. Plaintiffs objected to the testimony at trial as being equally within the knowledge of the deceased. The objection was overruled on the basis that plaintiffs had waived this right under the dead man's statute, CL 1948, § 617.65 (Stat Ann § 27.914), by their previous examination of the same witness concerning the deceased's interest in the restaurant. Plaintiffs called the defendant, Martha Fletcher, to the witness

stand for cross-examination and asked the question, "I ask you now on your oath to tell this court whether or not your father, Livinius Van Loo had any interest whatever in the restaurant business known as Marty's Grill on November 30, 1954 or before that time or after that time?" When the witness categorically denied that her father had any interest, plaintiff's counsel read into the record testimony given by the same witness under his cross-examination in prior case involving a disputed conveyance of real property by the deceased. (This case was decided below and is not the subject of an appeal.) The witness was then asked to reconcile her purportedly contradictory answers. She apparently clarified the alleged inconsistency by explaining that what she meant was that the deceased owned the real estate while she and her husband owned and conducted the restaurant business. There is also testimony from a third party that the deceased claimed no interest in the business. Having first opened the door to the subject, plaintiffs could not, under the statute, bar the door at will to testimony otherwise admissible. *Wandel* v. *Wandel,* 336 Mich 126; *Michigan Savings Bank* v. *Estate of Butler,* 98 Mich 381.

Apart from the statutory exclusion, the witness' testimony concerning the time the bill of sale was to take effect would be admissible to disprove delivery to the vendee. Ordinarily, when an instrument of conveyance is delivered to a third person unconditionally with instructions to deliver to the grantee upon grantor's death, delivery is said to occur when the instrument of conveyance is deposited with the third party, the reason for such rule being that the condition of delivery is an event certain to happen. *Loomis* v. *Loomis,* 178 Mich 221. Herein, however, according to the defendant's testimony, delivery was to be made only in the event

the vendors predeceased the named vendee. This condition, of course, was a contingency, and not by any means an event certain to happen. Until the contingency occurred, and obviously it did not, title to the property in the bill of sale remained in the vendors. The trial judge was correct in holding that a delivery had not been effectuated and therefore the deceased acquired no ownership in the fixtures.

It has been held that the conditions under which an instrument of conveyance *is* to be delivered do not necessarily have to be in writing, but may rest in parol, or partly in writing and partly in parol. *Fulton* v. *Priddy,* 123 Mich 298 (81 Am St Rep 201) ; *Brown* v. *Keiser,* 182 Mich 432. Similarly we have held that a memorandum made by the custodian of an instrument of conveyance is not conclusive of the terms under which the instrument of conveyance is to be delivered. *Skinner* v. *Kelley,* 138 Mich 134. In the *Skinner Case* the fact circumstances regarding conditional delivery are comparable to those of the instant case. Notwithstanding the fact that the typed escrow arrangement specified that the depositary was to deliver the bill on the death of both vendors, the *Fulton Case* cited above would permit the defendant to establish by parol the condition of delivery that she and her husband predecease the named vendee. Referring to the terms of the typed escrow agreement, Mrs. Paterson testified that the provision "without the right to recall" was crossed out at the insistence of Mrs. Fletcher before she would sign. Mrs. Fletcher testified that she objected to the provision because she wanted to recall the bill in the event her father predeceased her. As the memorandum stands, with the provision crossed out, a logical inference follows that vendors reserved the right to recall and hence never intended to relinquish full control of the bill to the escrow agent.

Parol evidence is admissible to clarify the meaning of the alteration. *Jenkinson* v. *Monroe Brothers & Co.*, 61 Mich 454.

Appellants also assign as error the trial court's finding of fact that the deceased had no partnership interest in the restaurant. With the exception of the defendant, Martha Fletcher, having given a somewhat conflicting statement at a former trial, which statement appears to have been clarified in the present case, all other testimony on this point appears to support the trial court's finding. The trial judge cited in his opinion some of the factors which led to his conclusion: "Defendants* claim the father never helped in the business, except to do some mechanical work about the place. He was never on the sales tax license, and they never made an accounting to him or paid him any of the profits. When enlarging (the restaurant building) the father was a cosigner on the mortgage. This is not unusual and of no consequence in determining the issue, since the father was the owner of the real estate, and defendants could obtain no mortgage without his signature. Defendants testified they made all the payments on the mortgage. Defendants also claim and there is no dispute that they made the payments on the personal property."

The evidence is sufficient to support the trial judge's finding. Affirmed, with costs to appellee.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.

---

* *I. e.* the defendant and her husband, both of whom operated the restaurant.—REPORTER.