GOODALL, ETC., STEAMSHIP CO. (LORD v.). See Case No. 8,506.

GOODELL (CLUTE v.). See Case No. 2,911.

GOODELL (SPAFFORD v.). See Case No. 13,197.

## Case No. 5,534.

GOODENOUGH et al. v. WARREN et al.

[5 Sawy. 494; 11 Chi. Leg. News, 289; 7 Reporter, 772; 25 Int. Rev. Rec. 279; 7 Am. Law Rec. 751.] [1]

Circuit Court, D. Oregon. May 12, 1879.

REMOVAL OF CAUSES—DEED—RECORD OF DEED—AGENT—KNOWLEDGE OF.

1. A suit against tenants in common or persons claiming to be such, concerning the title to or possession of land, is divisible and removable into the national court under section 639 of the Revised Statutes, by either of said tenants so far as he is concerned.

2. The complainants brought suit in the state court against W., a citizen of California, to quiet title to certain lands, and joined with him as defendants certain citizens of Oregon, from whom W. derived whatever right or title to the premises he has: Held, that the substantial controversy in the suit was wholly between citizens of different states—the complainants and W.—and might, therefore, under section 2 of the act of March 3, 1875 (18 Stat. 470), be wholly removed by the latter into the national court.

[Cited in The Debris Case, 16 Fed. 34.]

3. At common law a deed is valid between the parties thereto and their privies, although not witnessed, acknowledged or recorded, and it is so in this state without acknowledgment or record: Semble, that under the Oregon statute the attestation of a deed is no part of its execution, but only the appointed means of preserving the evidence thereof; and quere, is acknowledgment equivalent to attestation; but the deed of a married woman is not operative until acknowledged upon a privy examination, as provided by statute.

4. A record of a junior deed does not avoid an unrecorded elder deed to the same premises, when the junior deed was taken with knowledge of the existence of the elder one; the grantee in the junior deed, under such circumstances, is not considered a bona fide purchaser.

[Approved in Manandas v. Mann (Or.) 13 Pac. 449.]

5. The grantee in a conveyance obtained through the agency of a third person is bound by the knowledge of such agent as to the existence of a prior unrecorded deed to the same premises.

[Cited in Fitzgerald v. Wynne, 1 D. C. 115.]

Suit to quiet title.

E. C. Bronaugh, for complainant.

W. S. Beebee and H. T. Bingham, for defendants.

DEADY, District Judge. This suit was brought by Ira Goodenough, George Woodward and Thomas Connell, against five of the seven children of the late Jonathan Keeney and Marcena Moore, George Warren, A. J. and Levi Knott, in the state circuit court for Linn county, to quiet the title to the undivided west half of the donation claim of Jonathan Keeney and Mary, his wife, it being claim number forty-two, and containing three hundred and twenty acres, and also the donation claim of Isaac McGinnis, it being

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 7 Reporter, 772, contains only·a condensed report.]

claim five thousand five hundred and fifty-seven, and containing one hundred and sixty acres, the said claims being adjoining one another and situate in the county aforesaid.

It appears from the complaint that on August 13, 1867, said Keeney and wife, then residing in the territory of Idaho, sold the premises to Anthony, Amasa and Albert Moore, and executed a deed to them for the same, with a covenant to warrant and defend against all persons claiming under them, which deed was duly acknowledged by the wife, but not the husband, before the clerk of a probate court in said territory, and on July 9, 1868, was copied on the record of deeds in Linn county, but was not entitled to record, because there was no certificate upon such deed as to the official character of the person taking such acknowledgment and the genuineness of his signature thereto, etc., as required by section 12 of the Oregon act upon conveyances (Laws Or. 516) in the case of deeds executed elsewhere in the United States. to lands within the state; that on February 4, 1873, said Anthony, Amasa and Albert for a valuable consideration conveyed said premises to A. J. Moore and Alexander Moore, which deed was duly recorded on the following day; that on October 21, 1874, said A. J. Moore conveyed his interest in the premises to said Alexander, and on September 30, 1876, said Alexander conveyed the premises to Marcena Moore: that on April 23, 1877, said Marcena and Alexander mortgaged the premises to D. Brenner, to secure the payment of a promissory note of the same date made by said Anthony and Alexander Moore for the sum of nine hundred and eighty dollars and fifty-nine cents, which mortgage was duly recorded on April 26, thereafter; that afterwards, by means of sundry conveyances, made in pursuance of a judgment obtained against said A. J. Moore by Charles Goodenough, on December 3, 1876, and a decree of March 13, 1878, foreclosing said mortgage and executions issued thereon and sales upon the same, and other conveyances by the grantees in said last mentioned ones, the complainants became and were the owners of whatever interest, right or title in and to the premises passed to said Anthony, Amasa and Albert by the deed to them of Keeney and wife, of August 13, 1867; that after the execution of said last mentioned deed and prior to November 21, 1878, said Jonathan Keeney died, intestate, leaving the defendants James Keeney, Peter L. Keeney, Nancy Glen, Betsy Keeney, Mary C. Hockensmith, Eli Keeney and Elias Keeney as his children and heirs at law, and Mary Keeney as his widow; that on November 21, 1878, said widow and said Betsy and Peter sold and quitclaimed their interest in the premises to said Marcena Moore —the former for the consideration of two hundred dollars, and the latter of one hundred dollars, and said Nancy on the following day did the same for the consideration of one hundred dollars; that on December 11, 1878,

said Marcena for the consideration of two thousand dollars, conveyed her interest in the premises to the defendant George Warren, which deeds to said Marcena and said George were duly recorded on December 12, 1878; that said Marcena at the time of taking said conveyances from the children and widow of Jonathan Keeney, had actual knowledge of the sale and conveyance aforesaid from Keeney and wife to said Anthony, Amasa and Albert Moore, and the said defendant Warren, at the time of taking the said conveyance from said Marcena, had such knowledge also; and that neither said Marcena Moore nor Warren took such conveyance in good faith, but with the intent to defraud the complainants.

The defendant, Warren, removed the cause to this court under the act of July 27, 1866 (section 639, Rev. St.), upon the ground that he was a citizen of California, and that the suit is one "in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the case."

The transcript of the pleadings, process and proceedings was filed in this court on March 25, 1879. The complainants moved to remand the case upon a number of grounds, all of which were abandoned on the argument except the one—"that the defendant had no right to remove the cause under any statute of the United States."

The district judge, with the concurrence of the circuit judge, who was consulted, denied the motion, upon the ground that if the defendant Warren had any interest in the premises, he was simply a tenant in common with the complainants, and that therefore the controversy, so far as he was concerned, could be determined without the presence of the other defendants as parties, citing Field v. Lownsdale [Case No. 4,769]; Fields v. Lamb [Id. 4,775]; McGinnity v. White [Id. 8,802]; and also, that under section 2 of the act of March 3, 1875 (18 Stat. 470), the defendant, Warren, had a right to remove the whole cause into this court, because this is a suit in which there is a controversy wholly between citizens of different states—the complainants and said Warren—a controversy as to the nature and effect of the deed from Keeney and wife to the three Moores, and the effect of the subsequent conveyances, under the circumstances, from the widow and three children of Keeney to Marcena Moore, and the latter to the defendant, Warren, which can be fully determined as between them, citing Donahoe v. Mariposa L. & M. Co. [Case No. 3,989]; and further, that this is a suit in which there is no controversy, except the one between the complainants and Warren, and that the other parties made defendants are neither necessary nor proper parties to the suit, because they have no interest in the subject-matter or the controversy concerning it.

The defendant Warren now demurs to the

bill, and for cause of demurrer alleges that there is a misjoinder of parties defendant and that the bill is without equity. Warren being the only defendant in this court, the first cause of demurrer was abandoned on the argument. Under the second one it was maintained that the purchaser at the foreclosure sale took nothing but the interest that was vested in the mortgagors at the date of the mortgage, citing Goodenow v. Ewer, 16 Cal. 469; Boggs v. Hargrave, Id. 562; Jackson v. Littell, 56 N. Y. 111; and Osterberg v. Trust Co., 93 U. S. 428, which point was admitted by counsel for complainant; and also that the instrument signed by Keeney and wife was not their deed and therefore did not pass the legal estate in the premises; and that if it was such deed, it was so far avoided by the conveyances from the widow and children of Keeney, which were first duly recorded.

Excepting in the case of a married woman, a deed, at common law, is valid between the parties thereto and their privies, although not witnessed, acknowledged or recorded. It is only necessary that the writing should be signed, sealed and delivered to make it the deed of the party. 2 Bl. Comm. 307; 4 Kent, Comm. 450, 456; 2 Washb. Real Prop. 572; Dole v. Thurlow, 12 Metc. (Mass.) 164; Hepburn v. Dubois, 12 Pet. [37 U. S.] 375; Elliott v. Peirsol, 1 Pet. [26 U. S.] 333; Moore v. Thomas, 1 Or. 211; Musgrove v. Bonser, 5 Or. 314.

Does the statute of Oregon change this rule? Section 1 of the act relating to conveyances (Laws Or. 515) declares that "conveyances of lands or of any estate or interest therein may be made by deed signed and sealed;" and although in the same section and sentence it is further provided that such deeds may be "acknowledged or proved and recorded" as therein directed, yet it is not declared and evidently was not intended to make either such acknowledgment, proof or record any part of the execution of such instrument. These acts are all subsequent to the execution of the deed, and are the appointed means by which constructive notice of its execution and contents may be given to all the world. But section 10 of the act aforesaid does declare, that "deeds, executed within this state, of lands or any interest in lands therein, shall be executed in the presence of two witnesses who shall subscribe their names to the same as such;" and while this provision may not make such attestation an essential part of the execution of the deed, yet it is probable that where the execution is controverted it cannot be shown, if not so attested. It is not a part of the execution, but the means by which it must be proven, if necessary. 2 Bl. Comm. 307. And it may be also, that an acknowledgment before a proper officer of the execution of a deed has the same effect as proof of the same by the attesting witnesses, to authorize the deed to be admitted to record, that it should have the same effect as an attestation generally. A formal acknowledgment before a proper officer by a grantor in a deed, that he executed it, is as safe and satisfactory evidence of the fact as the testimony of any subscribing witnesses.

Nor does it appear that under the statute the deed of a married woman is fully executed or effectual to pass an interest in land until it is duly acknowledged. Elwood v. Block, 13 Barb. 50. At common law the deed of a feme-covert was void, and she could only convey her lands by levying a fine, as it was called, a proceeding which involved a privy examination of the wife, as in the case of an acknowledgment. 2 Bl. Comm. 348; 4 Kent, Comm. 497; 2 Washb. Real Prop. 559.

These questions—is attestation necessary under the statute to the validity of a deed between the parties? and is acknowledgment a necessary part of the execution of the deed of a married woman?—do not appear to have been passed upon by the supreme court of the state, and therefore they should not be here if it can be avoided.

The deed of Keeney and wife was not executed within this state, but in Idaho; and while it is not shown what is the law of that territory upon the subject of conveyances, until the contrary appears it will be presumed to be the same as that of Oregon. The deed is attested by three witnesses—one of them being Anthony Moore himself, and is duly acknowledged by the wife. The fact that the official character of the officer taking the acknowledgment and the genuineness of his signature is not certified to by a clerk of a court of record or other proper certifying officer does not in my judgment, affect the validity of the acknowledgment, although such certificate was necessary to authorize the deed to be admitted of record.

The case then stands thus: Keeney and wife by their deed duly executed on August 13, 1867, conveyed the premises, including, as I suppose one half of the wife's share of the donation to the three Moores, and the complainants before November, 1878, succeeded to their interests in the same, while in November, 1878, the widow and three of the seven children of said Keeney executed conveyances of the premises to Marcena Moore, the grantor of the defendant. The deed from Keeney and wife, not being acknowledged by Keeney nor the acknowledgment of the wife certified to as required by section 12 of the act on conveyances, was not entitled to record; and although actually copied upon the record on July 9, 1868, is to be taken and considered as an unrecorded deed. While this deed was unrecorded the deeds to Marcena Moore and the defendant Warren were duly executed and recorded.

Apart from the effect of the non-registration of the Keeney deed and the registration of the deeds to said Marcena and the defendant, the complainants have the legal title to the premises and the defendant has no interest in them. But by section 20 of the act

on conveyances (Laws Or. p. 518), it is provided that a conveyance which is not recorded within five days from the making of it "shall be void as against any subsequent purchaser in good faith, and for a valuable consideration of the same real property * * * whose conveyance shall be first duly recorded." The object of this provision is plain. It is to protect innocent purchasers from the operation of secret or unknown prior conveyances. To do this, in case of conflicting conveyances, it declares the deed of the party in default, by not recording the same, to be void, but only so in favor of a bona fide purchaser for a valuable consideration. The statute works a forfeiture of a prior estate, and is not to have effect except within the reason of it.

From the time of Jackson v. Burgott, 10 Johns. 459, decided by Chief Justice Kent in 1813, it has been held that notice of a prior deed takes the case out of the statutes and supersedes the prior registry, because a person purchasing with knowledge of such conveyance cannot be considered as acting in good faith. In this case, the court speaking of a purchase with notice of a prior unrecorded deed, say; "It may be assumed as a settled principle in the English law" that "the prior deed shall have the preference. * * * It is considered as done mala fide, by assisting the original vendor to defraud the prior vendee; and the courts will not suffer a statute made to prevent fraud to be a protection to fraud." The same ruling has been made by the supreme court of the state in Bohlman v. Coffin, 4 Or. 317, and Musgrove v. Bonser, 5 Or. 316.

What amounts to notice of a prior deed is a question that must be determined largely by the circumstances of each case. And it cannot be denied that, in some instances, the question has been decided in favor of the party holding the prior deed under circumstances well calculated to seriously impair, if not destroy, the efficacy of this wholesome provision in favor of prompt and proper registration of deeds.

But in this case, according to the allegations of the bill, and I think the strong probability of the case also, Marcena Moore at the time of taking the conveyances to herself had actual knowledge of this unrecorded deed, and the defendant at the time of the conveyance to him had such knowledge also, if not personally, then by his agent Anthony Moore, who acted for him in making the purchase and obtaining the conveyance. Whatever knowledge the agent had or acquired in this case of the prior deed before completing the purchase for Warren, the law imputes to the latter and he is chargeable with it, whether actually communicated to him or not. Story, Eq. Jur. § 408; Bowman v. Nathan [Case No. 1,740]; Varnum v. Milford [Id. 16,891]; Bank of U. S. v. Davis, 2 Hill. 460; Hough v. Richardson [Case No. 6,722]; Bierce v. Hotel Co., 31 Cal. 160; May v. Le-

Claire, 11 Wall. [78 U. S.] 232; The Distilled Spirits, Id. 356.

The demurrer is overruled.