ROTCH v. HUSSEY ET AL.

1. **Vendor's Lien:** REQUISITES OF. A vendor of land, since section 1940 of the Code was in force, who does not reserve a lien for purchase money unpaid by conveyance or other recorded instrument, is not entitled to a lien after a conveyance by his vendee, although the purchaser had notice of his claim.

*Appeal from Allamakee District Court.*

MONDAY, DECEMBER 15.

ACTION in equity to foreclose a mortgage executed to the plaintiff by the defendant Thos. Hussey Jr., in January, 1878. The defendant Thos. Hussey Sr., was made a party as claiming

to have a lien upon the premises. He files an answer and cross-bill, averring that his lien is paramount to the plaintiff's mortgage. He avers that he was formerly the owner of the premises, and sold them to the defendant Thos. Hussey Jr., in May, 1873, at which time he took possession; that a deed was executed by him to Hussey Jr., in October, 1877; that the purchase money is still unpaid, and that he (Hussey Sr.) claimed a lien upon the premises from the time of the sale in May, 1873, as the plaintiff well knew.

The plaintiff demurred to the answer and cross-bill, and the court sustained the demurrer and rendered a decree for the plaintiff as prayed. The defendant Thos. Hussey, Sr., appeals.

*M. B. Hendrick,* for appellant.

*Fannon & Akers,* for appellee.

ADAMS, J.—Prior to the execution of the deed in October, 1877, the appellant held the legal title. During that time he 1. VENDOR'S had no vendor's lien, whatever his claim might lien: requisites of. be. After the execution of the deed in October, 1877, he had no vendor's lien because it was not reserved in the conveyance or by mortgage, and the provision of section 1940 of the Code was in force.

AFFIRMED.