PROUTY v. CLARK ET AL.

1. **Vendor's Lien in Parol Only:** DEFEATED BY ASSIGNMENT FOR BENEFIT OF CREDITORS. The policy of the statute (Code, § 1940) is that a vendor's lien existing only in parol is not an equity in the land after it has been conveyed, and it is immaterial whether the purchaser of the vendee has notice of the lien or not; (*Rotch v. Hussey*, 52 Iowa, 694;) and an assignment for the benefit of creditors by the vendee is a conveyance of the land, within the meaning of said section, (*Roberts v. Austin*, 26 Iowa, 316,) and defeats the vendor's lien. (*Warner v. Jameson*, 52 Iowa, 70 distinguished.)

*Appeal from Jones District Court*—HON. JAMES D. GIFFEN, Judge.

FRIDAY, OCTOBER, 21.

THIS is an action in equity by which the plaintiff seeks to establish a vendor's lien for purchase-money against certain real estate. There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Herrick & Doxsee*, for appellant.

*Remley & Ercanbrack*, for appellees.

ROTHROCK, J.—It appears from the averments of the petition that one Yerrian was formerly owner of the land upon which it is sought to establish the lien. Plaintiff purchased the land of Yerrian, and received a warranty deed therefor. The deed was not recorded. On the 4th day of November, 1883, the plaintiff sold the land to the defendant Young, and by agreement between all the parties, and to save expense, Yerrian and wife made their warranty deed to Young; it being understood by all the parties that said deed would vest in Young all of the right, title and interest of the plaintiff in said land; plaintiff being an unmarried man. Young executed to the plaintiff his promissory note for the purchase-money of said land, which note is wholly unpaid. On the

30th day of December, 1886, Young made a written assignment of all his property, including the land in question, to the defendant Clark, for the benefit of his (Young's) creditors. Clark qualified as assignee, and proceeded to execute the trust, and obtained an order of court to sell at public or private sale all the lands so assigned to him by Young.

The question presented by the demurrer and in argument is whether the plaintiff has the right to a vendor's lien for the purchase-money. Section 1940 of the Code is as follows: "No vendor's lien for unpaid purchase-money shall be recognized or enforced in any court of law or equity, after a conveyance by the vendee, unless such lien is reserved by conveyance, mortgage, or other instrument, duly acknowledged and recorded; or unless such conveyance by the vendee is made after suit brought by the vendor, his executor, or assigns, to enforce such lien. But nothing herein shall be construed to deprive a vendor of any remedy now existing against conveyances procured through the fraud or collusion of the vendees therein, or persons purchasing of such vendees with notice of such fraud."

The rights of the parties in this case depend upon the question whether an assignment by an insolvent for the benefit of creditors is a conveyance, within the meaning of the statute. If it is a conveyance, the plaintiff can have no lien, because he did not reserve the same by a written instrument, as required by the statute. A conveyance is defined to be "an instrument in writing by which property, or the title to property, is conveyed or transmitted from one person to another." An assignment for the benefit of creditors is required to be in writing, duly acknowledged, in the same manner as conveyances of real estate, and recorded. (Code, § 2117.) And the assent of the creditors of the insolvent shall be presumed. (Code, § 2116.) Any assignee, as aforesaid, shall have as full power and authority to dispose of all the estate, real and personal, assigned, as the debtor had at the time of the conveyance. (Code, § 2127.) It is apparent,

therefore, that an assignment for the benefit of creditors is a conveyance of the legal title of the real estate of the insolvent to the assignee in trust for the benefit of the creditors. It is an absolute, unconditional and irrevocable conveyance of the legal title.

It is claimed in behalf of the appellant that the assignee of an insolvent takes the property of his assignor, subject to all the equities existing against it in favor of third parties; that the assignee stands in the shoes, and succeeds only to the rights, of the assignor. This is undoubtedly correct. It has been so held in *Roberts v. Austin*, 26 Iowa, 316, and other cases in this and other courts. But section 1940 of the Code in effect provides that a vendor's lien existing only in parol is not an equity in the land after it has been conveyed; and it is immaterial whether the vendee had notice of the lien or not. (*Rotch v. Hussey*, 52 Iowa, 694.) The policy of the statute is that a vendor's lien existing in parol ceases to have any validity after a conveyance. The case of *Warner v. Jameson*, 52 Iowa, 70, cited by plaintiff, does not seem to be contrary to the rule above announced. That case was a contest with the assignee of an insolvent as to the ownership of a safe. The plaintiff claimed that the safe was his property; and the defendant claimed that it passed by the assignment. It was held that, as between the plaintiff and the insolvent, the safe was the property of the plaintiff, and that, as the assignee took the assignment with full knowledge of plaintiff's rights, he acquired no more right to the property than his assignor had.

We think the demurrer to the petition was rightly sustained.                                        AFFIRMED