ALASKA EXPLORATION CO. v. NORTHERN MINING & TRADING CO.

(Circuit Court of Appeals, Ninth Circuit. March 4, 1907.)

No. 1,349.

VENDOR AND PURCHASER—DEEDS—RECORD—NOTICE.

Where a deed to an undivided interest in an Alaska mining claim was neither witnessed by two witnesses nor acknowledged, as required by B. & C. Comp. Or. §§ 5342, 5350, 5354, 5355, made applicable to Alaska by Act Cong. May 17, 1884, c. 53, § 7, 23 Stat. 24, such deed was not entitled to record, and hence the record thereof was not constructive notice to a subsequent purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 538.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

S. T. Jeffreys and W. S. Wood, for plaintiff in error.

Ira D. Morton, J. C. Campbell, W. H. Metson, Frank C. Drew, C. H. Oatman, and J. A. Mackenzie, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. The defendant in error sued the plaintiff in error and another corporation to recover possession of an undivided three-sixteenths of a certain mining claim in Alaska. The bill of exceptions shows that on the trial the plaintiff introduced evidence going to show that the claim was located by one Pierce Thomas, who, on the 4th day of October, 1902, executed to the plaintiff a deed for a three-sixteenths interest in the claim. The plaintiff in error sought to overcome that conveyance by showing that Thomas had made a previous conveyance of the entire claim to one Kimber, under whom the plaintiff in error claims.

It is not pretended that the defendant in error had any actual notice of such prior conveyance, but it was sought by the plaintiff in error to show constructive notice to it by the introduction of a certified copy of the record in the office of the recorder of the mining district in which the claim is situated of a deed from Thomas to Kimber of the entire claim; it being provided, by the Alaskan statute of June 6, 1900, that all records theretofore made in good faith in any regularly organized

mining districts shall be public records. Carter's Ann. Codes Alaska, § 16, pt. 3. The certified copy of the instrument so offered in evidence bears date October 7, 1898, expresses a consideration of $100, purports to have been signed by Thomas, to have been witnessed by one Libby, and was recorded by the recorder of the mining district in the records of his office. The court below refused to admit in evidence the certified copy of this instrument, to which ruling the plaintiff in error reserved an exception.

We think the ruling clearly right. Conceding for the purposes of the case, but without holding, that, under the statutes of Alaska, the proper office for the recording of deeds of mining claims is that of the recorder of the mining district in which the claim is situated, the difficulty in the way of the plaintiff in error is that, in order for such a record to impart constructive notice to any one, it is essential that the instrument be entitled, under the law, to such recordation. 13 Cyc. p. 600; Alabama Marble & S. Co. v. Chattanooga Marble & S. Co. (Tenn. Ch. App.) 37 S. W. 1009; Edwards v. Thom, 5 South. 707, 25 Fla. 222; Keech v. Enriquez, 10 South. 91, 28 Fla. 597.

On October 7, 1898, when it is said by the plaintiff in error Thomas deeded the mining claim in question to Kimber, the statute of Alaska contained this provision:

"That the general laws of the state of Oregon now in force are hereby declared to be the law in said district so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States." Act May 17, 1884, c. 53, § 7, 23 Stat. 24.

Section 5342 of the Oregon Codes (B. & C. Comp.) provides:

"Deeds * * * of lands or any interest therein shall be executed in the presence of two witnesses, who shall subscribe their names as such, and the persons executing such deeds may acknowledge the execution thereof before any judge," etc.

Sections 5350 and 5354 of the same Codes make provision for the proving and certifying of a conveyance in the absence of an acknowledgment, and by section 5355 it is provided that:

"Every conveyance acknowledged or proved or certified in the manner hereinbefore prescribed by any of the officers before named, may be read in evidence without further proof, and shall be entitled to be recorded in the county in which the lands lie."

Sections 82, 83, 93, and 94 of part 5, c. 11, Carter's Annotated Codes of Alaska, are as follows:

"Sec. 82. Execution and Acknowledgment of Deeds. Deeds executed within the district, of lands or any interest in lands therein, shall be executed in the presence of two witnesses, who shall subscribe their names to the same as such; and the persons executing such deeds may acknowledge the execution thereof before any judge, clerk of the district court, notary public, or commissioner within the district, and the officer taking such acknowledgment shall endorse thereon a certificate of the acknowledgment thereof and the true date of making the same under his hand.

"Sec. 83. Same in States. If any deed shall be executed in any state, territory, or district of the United States, such deed may be executed according to the laws of such state, territory, or district, and the execution thereof may be acknowledged before any judge of a court of record, justice of the peace, or notary public, or other officer authorized by the laws of such state, ter-

ritory, or district to take the acknowledgment of deeds therein, or before any commissioner appointed for such purpose."

"Sec. 93. Certificate of proof to be endorsed on deed. Every officer who shall take the proof of any conveyance shall endorse his certificate thereon, signed by himself on the conveyance, and in such certificate shall set forth the things hereinbefore required to be done, known, or proved, together with the names of the witnesses examined before such officer, and their places of residence, and the substance of the evidence by them given.

"Sec. 94. Deed proved may be read in evidence. Every conveyance acknowledged or proved or certified in the manner hereinbefore prescribed by any of the officers before named may be read in evidence without further proof thereof, and shall be entitled to be recorded in the precinct in which the lands lie."

It is clear that the certified copy of the record of the recorder of the mining district offered in evidence by the plaintiff in error did not meet these statutory requirements, for it showed upon its face that the deed that was recorded was without acknowledgment or other proof of its execution, and without the signature of subscribing witnesses. It was therefore not entitled under the law to be recorded anywhere, and the mere transcription of the unauthorized paper in the record of the mining district was not constructive notice to any one. As has already been said, there was no offer of any proof to show that the defendant in error had at the time of its purchase any actual notice of any prior conveyance of the property by Thomas. For the reasons stated, there was no error in the rulings complained of.

The judgment is accordingly affirmed.