## EADIE et al. v. CHAMBERS.[†]

(Circuit Court of Appeals, Ninth Circuit. July 6, 1909.)

No. 1,595.

1. DEEDS (§ 47*)—REQUISITES AND VALIDITY—ATTESTATION.

The requirement of Civ. Code Alaska, § 82, that deeds of lands or any interest in lands executed within the district shall be executed in the presence of two witnesses, who shall subscribe the same as such, does not make such attestation necessary to the validity of the deed as between the parties, but is a formality necessary to entitle the deed to record.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 104; Dec. Dig. § 47.*]

2. ALTERATION OF INSTRUMENTS (§ 12*)—DEEDS—ALTERATION BY CONSENT OF PARTIES.

A deed is not rendered invalid by an alteration made by consent of the parties reducing the interest conveyed from three-fourths to one-half of the property.

[Ed. Note.—For other cases, see Alteration of Instruments, Cent. Dig. § 89; Dec. Dig. § 12.*]

3. MINES AND MINERALS (§ 56*)—NATURE OF MINING LEASE—ALASKA STATUTE —"REAL PROPERTY"—"CONVEYANCE."

Under Civ. Code Alaska, § 181, which defines "real property" as including "all lands, tenements and hereditaments and rights thereto, and all interests therein, whether in fee simple or for the life of another," a lease of a mining claim for years conveys a chattel interest only and not an interest in the land, and is not a "conveyance," within the meaning of section 98, the recording of which will protect the lessee against a prior

unrecorded deed; nor is such lessee an innocent purchaser in good faith for a valuable consideration within such section, where he is to work the same and pay the lessor a royalty.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 166; Dec. Dig. § 56.*

For other definitions, see Words and Phrases, vol. 2, pp. 1575–1584; vol. 8, p. 7619; vol. 7, pp. 5939–5951; vol. 8, pp. 7778, 7779.]

Ross, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The defendant in error brought ejectment against the plaintiffs in error to recover the possession of a one-half interest in the Bon Voyage mining location, in the Cape Nome recording district in Alaska, and to recover damages for the wrongful detention thereof. To prove his title the defendant in error introduced in evidence a deed to him from Whittren, the original locator of the claim. The deed was dated April 21, 1902, and upon its face purported to convey an undivided one-half interest in the Bon Voyage and certain other mining claims. There was but one witness to its execution, and he was the notary public before whom it was acknowledged. An indorsement on the deed indicated that it had been recorded in the records of deeds of the Nome district about four years after its execution. It was conceded that the deed on its face appeared to have been altered in a material part, to wit, in the interest conveyed. The defendant in error testified that on May 23 or 24, 1906, Whittren, the grantor, had, with his consent and in his presence, changed the deed from a conveyance of a three-fourths interest to a conveyance of a one-half interest. Whittren, on the other hand, testified that the alteration was not made at the time so stated by the defendant in error, but at a date prior thereto, and that it was made by the defendant in error, who confessed to him that he had altered the description from a one-fourth interest to a one-half interest. The plaintiffs in error objected to the introduction of the deed in its altered condition; but the objection was overruled.

It was proven that on September 24, 1905, the plaintiff in error Whittren made to the plaintiff in error Eadie a deed of an undivided one-half interest in the claim, and that the deed was properly witnessed, acknowledged, and recorded a year prior to the recording of the deed to the defendant in error. The consideration for the deed to Eadie was the promise of the grantee to do the assessment work on the claim for the year 1904. It was further shown: That on June 11, 1906, Whittren and Eadie made a lease to the plaintiff in error Waskey of the westerly 220 feet of the claim for a term of two years; that the lease had been filed for record on August 22, 1906; that Waskey entered into the possession under said lease and began to prospect and mine the leased property; that thereafter on June 20, 1906, Whittren leased to Eadie and Waskey the remainder of the claim for a period of two years; that the lease thereof was recorded on August 30, 1906; that Waskey and Eadie entered into possession under said last-named lease, and began to prospect the leased property for gold, and were in the active prosecution of development and operation when the action of ejectment was commenced. The case was submitted to a jury, and a verdict was returned in favor of the defendant in error, finding that he was the owner of an undivided one-half interest in the Bon Voyage claim, and entitled to damages against the plaintiffs in error in the sum of $20,483.

Ira D. Orton, Albert Fink, F. E. Fuller, O. D. Cochran, Campbell, Metson, Drew, Oatman & Mackenzie, and E. H. Ryan, for plaintiffs in error.

C. D. Murane, William A. Gillmore, and Albert H. Elliot, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

---

GILBERT, Circuit Judge (after stating the facts as above). The principal question in the case is whether the deed from Whittren to the defendant in error, attested as it was by but one witness, was sufficient to convey the title as between the parties thereto. At common law a deed is valid between parties and their privies, if signed, sealed, and delivered, and attestation is no part of its execution. 2 Blackstone, Com. 307; Dole v. Thurlow, 12 Metc. (Mass.) 164; Hepburn v. Dubois, 12 Pet. 345, 9 L. R. A. 1111. In adopting systems of registration of conveyances, about one-half of the states have enacted statutes requiring that the execution of deeds be attested by witnesses, who shall subscribe their names thereto as such. It is the decided weight of authority that the purpose of such a statute is to entitle the conveyance to be recorded, and that, while compliance therewith is essential to registration, a failure to comply does not affect the common-law rule that a deed signed, sealed, and delivered is good as between the parties. The statute of Alaska, which was adopted from the statutes of Oregon, is not essentially different from that which is in force in the states hereinafter referred to. Section 73, c. 11, of the Civil Code of Alaska, provides:

"A conveyance of lands or of any estate or interest therein may be made by deed signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged or proved and recorded as directed in this chapter, without any other act or ceremony whatever."

Section 82 provides:

"Deeds executed within the district, of lands or any interest in lands therein, shall be executed in the presence of two witnesses, who shall subscribe their names to the same as such."

Section 113 is a curative statute, also adopted from the statutes of Oregon. It provides:

"All deeds to real property heretofore executed in the district which shall have been signed by the grantors in due form, shall be sufficient in law to convey the legal title to the premises therein described from the grantors to the grantees, without any other execution or acknowledgment whatever, and such deeds so executed shall be received in evidence in all courts in the district, and be evidence of the title to the lands therein described against the grantors, their heirs and assigns."

If it be argued from the language of this curative statute that it was the understanding of the lawmakers that an unattested deed was insufficient to pass title between the parties without the aid of a curative statute, the answer is that the defects intended to be cured by the statute are other and more vital than the mere omission of attesting witnesses. It was the intention to make valid as between the parties unsealed deeds, deeds which lacked one of the essential requisites of a common-law conveyance even as between the parties.

In adopting the Oregon statute for Alaska, there was adopted with it the construction placed upon it in Moore v. Thomas, 1 Or. 201, in which the court held that an unacknowledged, unrecorded mortgage was good between the parties thereto, for the principle involved is the same whether a deed lack acknowledgment or subscribing witnesses. The court, by Williams, Chief Justice, said:

"When said mortgages were signed, sealed, and delivered by Thomas to Moore, they were certainly good at common law, and there is no reason to suppose that the design of the registry act was to prevent the operation of a deed so made or to protect the parties thereto as against each other; but the manifest and exclusive object of such act was to protect third persons from fraud or injury by means of prior secret conveyances."

In Goodenough v. Warren, 5 Sawy. 494, Fed. Cas. No. 5,534, Judge Deady, after referring to the fact that at common law a deed is valid between the parties though not witnessed, acknowledged, or recorded, inquired:

"Does the statute of Oregon change this rule? Section 1 of the act relating to conveyances (Laws Or. 1854–55, p. 519) declares that 'conveyances of land or of any estate or interest therein may be made by deed signed and sealed,' and although in the same section and sentence it is further provided that such deeds may be 'acknowledged or proved and recorded' as therein directed, yet it is not declared, and evidently was not intended to make either such acknowledgment, proof or record any part of the execution of such instrument. * * * But section 10 of the act aforesaid does declare that 'deeds executed within this state or any interest in lands therein, shall be executed in the presence of two witnesses who shall subscribe their names to the same as such,' and, while this provision may not make such attestation an essential part of the execution of the deed, yet it is probable that, where the execution is controverted, it cannot be shown if not so attested. It is not a part of the execution, but the means by which it must be proven if necessary."

In Brewster on Conveyances, § 251, it is said:

"Generally speaking, in those states where statutes provide that conveyances shall be attested by witnesses, the requirement is not essential to the validity of the deed as between the parties, but, like the requirement as to acknowledgment, is a formality necessary under the statute to entitle the deed to be recorded."

In Wisconsin in Leinenkugel v. Kehl, 73 Wis. 238, 40 N. W. 683, the court reviewed its prior decisions, holding that attestation and acknowledgment of deeds required by the statute were but formalities to entitle the deed to be recorded, so as to operate as notice to subsequent purchasers, but were not essential to the transfer of the title as between the parties. That doctrine, the court said, was "in accord with the great weight of authority upon this subject."

In Pearson v. Davis, 41 Neb. 608, 59 N. W. 885, the Supreme Court of Nebraska, following a line of its prior decisions, held that a deed to real estate executed, acknowledged, and delivered by the grantor is valid between the parties to it, although the same is not witnessed.

In Howard v. Russell, 104 Ga. 230, 30 S. E. 802, the court said:

"While the Code of this state requires such paper to be attested by two witnesses, it does not declare that a deed attested by but one witness is void. The main object of the attestation by two witnesses is to comply with the registration laws of the state."

Of similar import are McLane v. Canales (Tex. Civ. App.) 25 S. W. 29; Robison v. Gray et al. (Ky.) 97 S. W. 347; Fitzhugh v. Croghan, 2 J. J. Marsh. (Ky.) 429, 19 Am. Dec. 139; Stone v. Ashley, 13 N. H. 38; Hastings v. Cutler, 24 N. H. 481.

As opposed to this construction we are referred to decisions in Connecticut, Ohio, Alabama, Michigan, and Minnesota. The Michigan

case which is cited is Crane v. Reader, 21 Mich. 24, 4 Am. Rep. 430. In that case, in determining the validity under the territorial law of 1820 of an unattested deed made in 1823, the court held that the ordinance of 1787 requiring the attestation of two witnesses, which was in substance re-enacted in 1820, was intended to supplant the common law of the territory of Michigan, and that since the law in force in that territory prior to the ordinance was the French law, under which deeds were required to be attested by witnesses, a deed without witnesses was void; but in Dougherty v. Randall, 3 Mich. 581, the court held that the statute of Michigan of 1840 requiring two subscribing witnesses to a deed of real estate was a provision for registration only, and that by the common law title passes by an unwitnessed deed. Such has been the ruling of that court ever since. Price v. Haynes, 37 Mich. 487; Baker v. Clark, 52 Mich. 22, 17 N. E. 225; Fulton v. Priddy, 123 Mich. 298, 82 N. W. 65, 81 Am. St. Rep. 201; Carpenter v. Carpenter, 126 Mich. 217, 85 N. W. 576. The Minnesota case which is cited is Meighen v. Strong, 6 Minn. 177 (Gil. 111), 80 Am. Dec. 441, in which it was held that a statute which requires that a conveyance shall be executed in the presence of witnesses, who shall subscribe their names thereto as such, is imperative and must be complied with to give the instrument any validity as a conveyance; but under the statute of Minnesota as amended in 1868 (Laws 1868, p. 100, c. 61, § 1) which provided:

"Deeds of land or any interest in lands within this state shall be executed in the presence of two witnesses who shall subscribe their names to the same as such"

—the court held in Morton v. Leland, 27 Minn. 35, 6 N. W. 378, that, to pass title from the grantor to the grantee, nothing more was necessary than the execution and delivery of the deed, and that neither witnesses nor acknowledgment were requisite. The same was held in Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889, and in Conlan v. Grace, 36 Minn. 276, 30 N. W. 880.

In the light of the authorities, and especially the construction given by the Oregon courts to the Oregon statute before its adoption for Alaska, we find no error in the ruling of the trial court that the deed was sufficient to convey title from Whittren to the defendant in error.

Error is assigned to the instruction of the court to the jury on the subject of alteration of the deed. The court, in substance, instructed the jury that if they found that the deed was altered or changed by the consent of the parties or by the grantor Whittren, or that the change was made with Whittren's consent, and that the alteration was made by reducing the amount of property conveyed, the deed was a good and valid conveyance, if redelivered, of an undivided one-half interest in the property. That the court in so instructing the jury correctly stated the law of the case is too clear to require discussion. If a three-fourths interest was vested in the grantee by the deed as originally made, the alteration could at the utmost operate no further than to divest him of an undivided one-fourth interest.

Error is assigned to the instruction to the jury concerning the rights of the lessees Waskey and Eadie under their leases from Whittren as against the title of the defendant in error. The court charged the

jury that a lease for a term of years of a mining claim is personal property under the Alaskan Code, and not a conveyance of land or real property such as to raise the question of priority of record between a deed and a lease, and that under the law the question of innocent purchaser does not arise in the case. The action had been begun on October 8, 1906. The plaintiff in error Waskey answered the complaint, setting forth the lease of June 11, 1906, and the lease of June 20, 1906, whereby the lessees were given authority to operate the mine at their own expense upon the payment of a royalty to the lessors; that possession was taken under said leases in good faith, for a valuable consideration, without knowledge or notice of the interest of the defendant in error in said claim; and that the lessees operated the leased property for a long period of time in good faith and at great expense without knowledge or notice of said interest of the defendant in error. The leases were for a term of two years. The amount of money expended thereunder by the lessees is not set forth in the answer. The Civil Code of Alaska (chapter 11, § 98) provides:

"Every conveyance of real property within the district hereinafter made, which shall not be filed for record as provided in this chapter, shall be void against any subsequent innocent purchaser, in good faith and for a valuable consideration, of the same real property or any portion thereof, whose conveyance shall be first duly recorded."

There are two reasons why Waskey and Eadie cannot avail themselves of the defense of innocent purchaser. In the first place, their leases for a term of two years were not conveyances. In several of the states, the term "conveyance" is defined by statute; but there is no such definition in the laws of Alaska or in those of Oregon from which they were taken. At common law a "conveyance" is an instrument in writing by which property or the title to property is conveyed or transmitted from one person to another. 9 Cyc. 860; Prouty v. Clark et al., 73 Iowa, 55, 34 N. W. 614; Brigham v. Kenyon (C. C.) 76 Fed. 30. Section 181, c. 18, of the Civil Code of Alaska, declares that real property "includes all lands, tenements and hereditaments and rights thereto, and all interests therein, whether in fee simple or for the life of another." In construing the Oregon statute from which this was taken, the Supreme Court of Oregon, in Edwards v. Perkins, 7 Or. 149, held a lease of land for a term of years to be a chattel interest, and not an interest in the land. The court said:

"The statute provides for the conveyance of land by deed, and we think embraces only such conveyances as purport to convey a freehold estate, such as may descend to the heirs, or is for the life of the grantee, and does not include leases."

In the second place, the lessees were not purchasers for a valuable consideration. By the terms of their leases, they were to operate the mine, and out of the proceeds pay a royalty to the lessor. It is true that they expended money in developing and in operating the leased property; but the evidence shows that they have been reimbursed by the product of the mine.

We find no error for which the judgment should be reversed.

It is therefore affirmed.

ROSS, Circuit Judge (dissenting). I dissent. Section 301 of chapter 32 of the Alaska Code of Civil Procedure, prescribing who may bring actions to recover the possession of real property, is as follows:

"Sec. 301. Any person who has a legal estate in real property and a present right to the possession thereof, may recover such possession, with damages for withholding the same, by an action. Such action shall be commenced against the person in the actual possession of the property at the time, or if the property be not in the actual possession of any one, then against the person acting as the owner thereof." Act June 6, 1900, c. 786, 31 Stat. 383.

The present being an action at law to recover the possession of real property, with damages for its withholding, it was essential to its maintenance for the plaintiff to establish in himself a legal estate in the property sued for, and a right to its possession; and so the court below in effect instructed the jury.

The plaintiff attempted to do that by means of the deed from Whittren to him. The primary objection made by the defendants to that deed was that it was only witnessed by one person. The validity of the deed in that respect is, of course, to be tested by the provisions of the Alaska statutes. Sections 73 and 82 of the Civil Code enacted by Congress June 6, 1900, for that District, are as follows:

"Sec. 73. A conveyance of lands, or of any estate or interest therein, may be made by deed signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age, or by his lawful agent or attorney, and acknowledged, or proved, and recorded as directed in this chapter, without any other act or ceremony whatever."

"Sec. 82. Deeds executed within the district of lands or any interest in lands therein, shall be executed in the presence of two witnesses, who shall subscribe their names to the same as such; and the persons executing such deeds may acknowledge the execution thereof before any judge, clerk of the district court, notary public, or commissioner within the district, and the officer taking such acknowledgment shall indorse thereon a certificate of the acknowledgment thereof, and the true date of making the same, under his hand."

It is contended on behalf of the defendant in error that:

"The attesting witnesses and acknowledgment are no part of the deed, but are the means by which it is prepared for record, so that it may constitute constructive notice."

And such seems to have been the view of the trial court.

The provisions of the act of June 6, 1900, in respect to the acknowledgment, proof, and recording of deeds, are as follows:

"Sec. 88. No acknowledgment of any conveyance having been executed shall be taken by any officer unless he shall know, or have satisfactory evidence that the person making such acknowledgment is the individual described in and who executed such conveyance.

"Sec. 89. Proof of the execution of any conveyance may be made before any officer authorized to take acknowledgment of deeds, and shall be made by a subscribing witness thereto, who shall state his own place of residence, and that he knew the person described in and who executed such conveyance, and such proof shall not be taken unless the officer is personally acquainted with such subscribing witness or has satisfactory evidence that he is the same person who was a subscribing witness to such instrument.

"Sec. 90. When any grantor is dead, out of the district, or refuses to acknowledge his deed, and all the subscribing witnesses to such deed shall also be dead or reside out of the district, the same may be proved before the dis-

trict court or any judge thereof, by proving the handwriting of the grantor and of any subscribing witness thereto.

"Sec. 91. Upon the application of any grantee or of any person claiming under him, verified by the oath of the applicant setting forth that the grantor is dead, out of the district, or refused to acknowledge his deed, and that any witness to such conveyance refuses to appear and testify touching the execution thereof, and that such conveyance cannot be proven without his evidence, any officer authorized to take the acknowledgment or proof of conveyance, except a commissioner of deeds, may issue a subpœna requiring such witness to appear and testify before such officer touching the execution of such conveyance."

"Sec. 93. Every 'officer who shall take the proof of any conveyance shall endorse his certificate thereon, signed by himself on the conveyance, and in such certificate shall set forth the things hereinbefore required to be done, known or proved, together with the names of the witnesses examined before such officer, and their places of residence and the substance of the evidence by them given.

"Sec. 94. Every conveyance acknowledged or proved or certified in the manner hereinbefore prescribed by any of the officers before named, may be read in evidence without further proof thereof, and shall be entitled to be recorded in the precinct in which the lands lie."

From the foregoing provisions of the statute in relation to the execution, proof, acknowledgment, and recording of deeds in the district of Alaska, it is apparent, I think, that the attesting of the two witnesses is an essential part of the execution. Congress thus made provision for the execution of deeds covering lands in Alaska, for their acknowledgment by the grantor before an officer authorized to take such acknowledgments, and for the proof before such an officer of such execution by one or both of the two witnesses it provided should sign all such deeds as attesting witnesses. Perhaps one of the reasons for those provisions lies in the peculiar conditions existing in the extensive region of country with which it was dealing, the roaming character of its people, going into it with a rush in the spring and coming out of it with a rush in the fall, with many practical difficulties while there in the way of making either acknowledgment or proof of such instruments; but, whatever the reason, the courts have no power to dispense with the requirement by Congress that such an instrument shall be attested by two witnesses. If so, they have the same power to hold that there may be no attesting witness at all.

A similar case came before the Supreme Court from Ohio, one of the statutes of which state at the time required all deeds of land therein to be executed in the presence of two witnesses, who should subscribe their names thereto. The case is reported in 6 Wheat. 577, 5 L. Ed. 334, under the title of Clark v. Graham, where the Supreme Court said:

"The deed of Massie was executed in the presence of one witness only; whereas, the law of Ohio requires all deeds of land to be executed in the presence of two witnesses. It is perfectly clear that no title to the lands can be acquired or passed unless according to the laws of the state in which they are situated. The act of Ohio, regulating the conveyance of lands, passed on the 14th of February, 1805, provides: 'That all deeds for the conveyance of lands, tenements and hereditaments, situated, lying and being within this state, shall be signed and sealed by the grantor in the presence of two witnesses, who shall subscribe the said deed or conveyance, attesting the acknowledgment of the signing and sealing thereof; and if executed within

this state, shall be acknowledged by the party or parties, or proven by the subscribing witnesses, before a judge of the court of common pleas, or a justice of the peace in any county in this state.' Although there are no negative words in this clause declaring all deeds for the conveyance of lands executed in any other manner to be void, yet this must be necessarily inferred from the clause in the absence of all words indicating a different legislative intent, and, in point of fact, such is understood to be the uniform construction of the act in the courts of Ohio. The deed, then, in this case not being executed according to the laws of the state, the evidence was properly rejected by the Circuit Court."

In a recent case brought here from Alaska (Alaska Exploration Company v. Northern Mining & Trading Company, 152 Fed. 145, 81 C. C. A. 363), we held that a deed to an interest in a mining claim in Alaska, which was neither witnessed by two witnesses nor acknowledged as required by sections 5342, 5350, 5354, 5355 of the Oregon statutes (B. & C. Comp.), made applicable to Alaska by the act of Congress of May 17, 1884 (chapter 53, 23 Stat. 24), was not entitled to record, and hence that the record thereof was not constructive notice to a subsequent purchaser.

That Congress meant what it said when by section 82 of the act of June 6, 1900, above quoted, it required all subsequent deeds to lands in Alaska to be attested by two subscribing witnesses, is, I think, further manifested by sections 108, 111, and 113 of the same act, which are as follows:

"Sec. 108. All conveyances of real property heretofore made and acknowledged, or proved in accordance with the laws of the district in force at the time of such making and acknowledgment of proof, shall have the same force as evidence and be recorded in the same manner and with like effect as conveyances executed and acknowledged in pursuance of the provisions of this chapter."

"Sec. 111. All defective and informal acknowledgments of deeds, powers of attorney, mortgages or other instruments for the conveyance of land or interest therein heretofore made by any person or persons in good faith, whether the acknowledgments were taken by or before any clerk, deputy clerk or judge of any court of record within the district, or any commissioner or notary public of the district, shall be and the same are hereby legalized."

"Sec. 113. All deeds to real property heretofore executed in the district which shall have been signed by the grantors in due form, shall be sufficient in law to convey the legal title to the premises therein described from the grantors to the grantees without any other execution or acknowledgment whatever; and such deeds so executed shall be received in evidence in all courts of the district and be evidence of the title to the lands therein described against the grantors, their heirs and assigns."

These are remedial sections, and the very fact that Congress thereby provided that all deeds theretofore made and acknowledged or proved in accordance with the laws of the district of Alaska in force at the time of such making and acknowledgment or proof should be received in evidence notwithstanding the provisions of the act of June 6, 1900, and that all deeds to real property theretofore made in Alaska by the mere signing by the grantor, without any other execution, should be deemed sufficient in law to convey the legal title to the premises therein described from the grantor to the grantee, and be received in evidence notwithstanding the provisions of the act of June 6, 1900, makes the conclusion quite irresistible, in my opinion, that its intention was that, in respect to deeds executed after the passage

of that act, those only which conformed to its provisions should be held to be valid conveyances of the legal title to the premises therein described, or receivable as evidence of such title.