# WASKEY *v.* CHAMBERS.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 221. Argued April 23, 24, 1912.—Decided May 13, 1912.

The word "conveyance" as used in § 98 of the act of June 6, 1900, c. 786, 31 Stat. 321, 505, is not to be narrowly construed but includes leases as well as transfers in fee.

One, who under a lease of a mine, enters on the property and expends money in developing it, gives a valuable consideration for the lease and is protected by the recording act.

A deed altered after acknowledgment and having only one witness. is not entitled to registration under the recording act of June 6, 1900, and has no effect against persons without actual notice.

172 Fed. Rep. 73; 96 C. C. A. 561, reversed.

THE facts are stated in the opinion.

*Mr. Albert Fink,* with whom *Mr. W. H. Metson* was on the brief, for petitioner.

*Mr. Albert H. Elliot,* with him *Mr. George W. Rea* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the respondent, Chambers, against Waskey and others, to recover possession of a placer mining claim and damages for gold extracted from the same. Waskey defended under two leases from the parties alleged by him to be the owners. The plaintiff had a verdict and a judgment which was affirmed by a majority of the Circuit Court of Appeals, 172 Fed. Rep. 73, 96 C. C. A. 561. The facts as they are to be taken under the

verdict are these. Whittren was the original locator of the claim. He made a deed of a part interest to Chambers, and acknowledged it on April 21, 1902, the notary being the only witness. In May, 1906, the deed was altered by consent of the parties so as to convey one-half, and was filed for recording on June 20 of that year. On September 24, 1905, Whittren conveyed one-half to Eadie, and this deed was recorded. On June 11, 1906, Whittren and Eadie, who were the record owners, made a lease of a part to Waskey for two years, recorded on August 22, 1906, and on June 20, 1906, Whittren made a lease of the other part to Eadie and Waskey, which was recorded on August 30, 1906. Waskey denied the validity of the deed to Chambers and also claimed as purchaser for value without notice. The Circuit Court of Appeals held that the deed to Chambers was good as between the parties and that Waskey was not within the protection of the statute as a purchaser without notice and also that he gave no valuable consideration for his lease, these questions having been raised below by exclusion of evidence and instructions of the court.

The act of Congress reads, "Every conveyance of real property within the district hereafter made which shall not be filed for record as provided in this chapter shall be void against any subsequent innocent purchaser in good faith and for a valuable consideration of the same real property, or any portion thereof, whose conveyance shall be first duly recorded." Act of June 6, 1900, c. 786, Tit. 3, § 98, 31 Stat. 321, 505. Code, Part V, § 98. The Circuit Court of Appeals went on the ground that a lease creates only a chattel interest and is not a conveyance and therefore is not within the protection of the statute. But it is obvious that in principle the right of a lessee is the same as that of a purchaser in fee, and it would be a great misfortune, especially to mining interests, if a man taking a lease from those whom the record showed and he believed

to be the owners, were liable, after spending large sums of money on the faith of it, to be turned out by an undisclosed claimant on the strength of an unrecorded deed. We find no words in the statute that require such a result. On the contrary, the word "conveyance" is defined, although for other purposes, as embracing every written instrument except a will by which any interest in lands is created. Act of 1900, Tit. 3, § 136, 31 Stat. 510. Code, Part V, § 136. See Tit. 2, § 1046, 31 Stat. 493. Code, Part IV, § 1046. And the statute provides for the recording of leases, as well as of deeds and grants, Act of 1900, Tit. 1, § 15, 31 Stat. 327. Code, Part III, § 15. Blackstone defines a lease as a conveyance, 2 Comm. 317, and in Shepard's Touchstone, 267, leases are ranked under the head of grants,—'as in other grants.' The point does not need authority except to exclude the notion that the statute uses the word in a narrower sense.

It is said that Waskey was not a purchaser for value. By the lease of June 11 he agreed to enter at once and work the mine continuously and to pay thirty per cent of the gold and precious minerals or metals extracted. The other agreement was similar, except that one-eighth was to go to Whittren, one-eighth to Eadie and the remainder, after paying mining expenses, to be divided between Waskey and Eadie. His working the mine was a valuable consideration and none the less so if in the event he was reimbursed for his expenditures and made a profit for his trouble.

Waskey was in possession and at work before the deed to Chambers was filed for recording, but we do not have to consider whether possession under the lease would have the same effect as getting the later instrument recorded before the earlier one under § 98 above quoted. For although the deed to Chambers was filed before the leases, it had no effect as against people without actual notice. It never had but one witness, two being necessary to au-

thorize the recording of a deed, and the only acknowledgment was before the alteration. Therefore it was filed without authority, was not entitled to registration, and, as we have said, had no effect as against the petitioner. Act of 1900, Tit. 1, § 15. Title 3, §§ 82, 95. 31 Stat. 327, 503, 505. Code, Part III, § 15. Part V, §§ 82, 94. *Alaska Exploration Co.* v. *Northern Mining & Trading Co.*, 152 Fed. Rep. 145. 81 C. C. A. 363.

*Judgment reversed.*